**UNITED STATES of America,
Appellee,**

v.

**Samuel STALLINGS and Hugh Godette,
Appellants.**

**No. 214, Docket 25988.**

United States Court of Appeals
Second Circuit.

Argued Dec. 10, 1959.

Decided Jan. 8, 1960.

See also 168 F.Supp. 823.

Frances Thaddeus Wolff, Brooklyn, N. Y. (Jerome Lewis, Brooklyn, N. Y., on the brief), for appellants.

Lawrence P. McGauley, Asst. U. S. Atty., S. D. New York, Little Neck, N. Y. (S. Hazard Gillespie, Jr., U. S. Atty., Allen McGrath, Asst. U. S. Atty., Kew Gardens, N. Y., and Gideon Cashman, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, and SWAN and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge.

This appeal raises questions regarding rulings on evidence and failure of the judge to charge with respect to a plea of guilty by a codefendant. We find no error and affirm the convictions.

The appellants Stallings and Godette were convicted after trial before a jury for the illegal distillation of whiskey and the running of an unlicensed still in Orange County, New York, in violation of 26 U.S.C. §§ 2833, 2810, 2834 and 2803 and conspiracy to violate these statutes, prohibited by 18 U.S.C. § 371. They were sentenced to five and three years imprisonment respectively. There is no dispute with respect to the sufficiency of the evidence which showed that in early 1953 Stallings and Godette arranged with the codefendant Colon Campbell, to set up a still in the woods near Janeal Lodge at Deer Park, Orange County, New York. The still was set up in March of 1953 and the defendants made several runs of whiskey before the still was discovered by a state trooper on July 28, 1953. The distillery had not been registered, no bond had been issued for the premises and no tax stamps had been placed on the barrels or containers.

The principal witness against the appellants was Campbell, who had pleaded guilty. After the discovery of the still, Stallings had first persuaded Campbell to admit nothing, and accordingly Campbell made two statements to government investigators which did not implicate the appellants. However, a few days later, on December 22, 1953, Campbell appeared before the Alcohol Tax Unit investigators and told substantially the same story of what had happened as he testified to at the trial. On direct examination the government brought out the fact that Campbell had made three statements to the government agents and that he had not told the truth in the first two of them. The defendants were furnished with copies of all three statements. After defense counsel had, on cross-examination of Campbell, thoroughly explored the contents of the statements so that the jury had before it virtually everything that Campbell had said in his statement of December 22, the government offered this statement in evidence and it was received as Exhibit 9.

The appellants claim that it was error for the court to receive in evidence Campbell's December 22 statement. But in view of the defendants' use of the statement on cross-examination and the position taken by them at trial, we cannot agree. When the government offered the exhibit no objection was made by the defense counsel. Moreover, counsel did not even make any request that the jury be instructed with respect to the exhibit either at that time or later in the judge's charge. Not having objected to the exhibit at the time of its introduction, the appellants may not now complain. United States v. Bertone, 3 Cir., 1957, 249 F.2d 156, 160; Edwards v. United States, 6 Cir., 1959, 265 F.2d 909. In any event, it is impossible to see how receiving Exhibit 9 in evidence could possibly have prejudiced the appellants; it added nothing which was not already before the jury.

Nor did the trial court commit reversible error by failing to instruct the jury that it could draw no inference of the appellants' guilt from the fact that Campbell had pleaded guilty. The appellants made no request that the court so charge and they took no objection to the charge after it was made. Indeed the decision of trial counsel to make no request that the court charge with respect to a guilty plea of a co-defendant is understandable, and frequently sensible, trial strategy, since it may be the prefera-

ble course not to emphasize the admitted guilt of a co-participant. Defendants ask, however, that we now recognize the court's failure to charge on this point as "plain error" within the meaning of Rule 52(b), Federal Rules of Criminal Procedure, 18 U.S.C. We decline to do so. As the Sixth Circuit recently stated: "There is no warrant of course for relieving the accused of the consequences of what appears to have been a planned defense stratagem, by the device of condemning as 'clear error' of the trial court a seemingly calculated risk of defense counsel which happened not to achieve the intended result with the jury." Edwards v. United States, supra, at page 910.

Appellants complain that they were prejudiced by the receipt in evidence of testimony relating to the arrest in North Carolina in 1952 of the co-defendant Fonville, who was acquitted by the jury. During his testimony Campbell gave evidence that the appellants had used a 1940 black Cadillac with truck springs at the still site in 1953. Subsequently, a North Carolina police officer testified that in August 1952 he had arrested Fonville in North Carolina driving the same car, which was loaded with non-taxpaid whiskey. Appellants objected to the admission of the officer's testimony on the ground that the North Carolina arrest predated by several months the commencement of the conspiracy alleged in the present case. Even though the evidence related to the same car as was used at the still and the car was shown to be registered in the name of Stallings' brother, we think it was an isolated incident preceding any concerted activity by the defendants and that it would have been better to exclude the evidence. But whether this evidence was proper or not, we think that its admission was not reversible error, in view of the failure of appellants to make specific objection to its introduction and in view of the unlikelihood that it could have prejudiced appellants, since the only defendant implicated in the North Carolina incident was Fonville, who was acquitted by the jury.

The other claimed errors respecting the admission of evidence and the comments of the trial judge are so clearly without merit that they require no discussion. While the sentences imposed are unusually severe for such offenses, they were within the permissible statutory limits and may not be disturbed by an appellate court. United States v. Rosenberg, 2 Cir., 195 F.2d 583, 604 certiorari denied, 1952, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687.

The judgments are affirmed.