Richard **SYLVIA**, Defendant, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 6021.

United States Court of Appeals First Circuit.

Jan. 22, 1963.

Manuel Katz, Boston, Mass., with whom Paul T. Smith and Raymond J. Dowd, Boston, Mass., were on brief, for appellant.

William J. Koen, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

Sylvia was found guilty by a jury of violating 26 U.S.C. § 4705(a) and 21 U. S.C. § 174 in connection with the sale of a small quantity of heroin. He appeals, not on the ground that the evidence was insufficient to support a conviction, but because the court placed upon him the burden of proving the defense of entrapment.

The government's evidence warranted a finding that Sylvia was approached by one Gibson, a government agent, and asked if he knew where a certain individual, Chandler, could be found. Sylvia stated that he did not know, but asked if he could help him. Gibson replied that he was interested in a "$5 bag." Sylvia replied that he could help him, and upon receipt of $5, produced a small paper bag from his pocket and gave it to Gibson. A conversation ensued indicating that Sylvia knew the contents to be heroin, which, in fact, it proved to be. A similar transaction was repeated the following day. On this evidence, of course, a conviction was warranted and there was no issue of entrapment. See Masciale v. United States, 1958, 356 U.S. 386, 388, 78 S.Ct. 827, 2

L.Ed.2d 859; Sandoval v. United States, 10 Cir., 1960, 285 F.2d 605.

In his defense Sylvia took the stand and testified that he met Gibson in a cafe; that Gibson asked him to go to a street corner and meet a man with a goatee and pick up two packages; that he did so; that Gibson reimbursed him for what he paid for the packages and that he delivered the packages to Gibson; that he did this as a favor to Gibson and without knowledge of what was in them. This testimony, he asserts, warrants a finding of entrapment. We hold it did not, at least in view of the other instructions given to the jury, to the effect that if the government had failed to establish beyond a reasonable doubt that Sylvia knew there was heroin in the packages he did not have "possession" and could not be convicted. The defendant's testimony was to a single, indivisible episode, and was either to be accepted or rejected in its entirety.[1] The jury's verdict of guilty necessarily indicated its rejection. There was no basis left, in other words, for a finding of entrapment. This case falls under the settled principle that a defendant's testimony to the effect that he did not commit the crime cannot raise an issue of entrapment. United States v. Di Donna, 2 Cir., 1960, 276 F.2d 956; Rodriguez v. United States, 5 Cir., 1955, 227 F.2d 912; Eastman v. United States, 9 Cir., 1954, 212 F.2d 320.

The court should not have charged on entrapment at all. Even if, which we need not determine, the charge was legally inaccurate as well, we cannot see that the defendant was harmed. It cannot be prejudicial to permit him an extra defense. Cf. Samson v. United States, 1 Cir., 1928, 26 F.2d 769.

Judgment will be entered affirming the judgment of the District Court.

---

1. While a jury normally may accept a witness' testimony in part and reject it in part, there comes a point where "fragmentation" becomes illogical. Beradi v. Menicks, 1960, 340 Mass. 396, 400, 164 N.E.2d 544; see Hannon v. Hayes-Bickford Lunch System, Inc., 1957, 336 Mass.

268, 273, 145 N.E.2d 191. We think this is such a case. If Sylvia's testimony about not knowing what was in the packages is not credited, his whole story of deception amounting to entrapment collapses.