**UNITED STATES of America,
Appellee,**

v.

**Lee Arthur SHEPHARD, Defendant,
Appellant.**

**No. 7800.**

United States Court of Appeals,
First Circuit.

April 13, 1971.

Lawrence D. Shubow, Boston, Mass., by appointment of the Court, for appellant.

Lawrence P. Cohen, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

**PER CURIAM.**

Defendant, convicted of possessing an unregistered firearm—a so-called sawed-off shotgun—under 26 U.S.C. § 5861(d) (Supp. V, 1970), asks us to rule that the evidence did not warrant a finding of possession.

Defendant's car, while he was driving to work with two friends, broke down on the road. Having placed some articles of personal property in the trunk, defendant left and called an emergency car service. Later he returned to the car to meet the garageman and give him the key. Almost immediately after reaching the garage the garageman noticed part of a black object under the driver's seat. Later, his curiosity being aroused, he removed it and found it to be a single-barrelled shotgun wrapped in tiretape. He called the police. There was a live shell in the gun, and two more in the console or glove compartment.

This is not a case of finding a package of marijuana cigarettes under the seat, which a guest could readily have

placed there. Guevara v. United States, 5 Cir., 1957, 242 F.2d 745. Suggestions that the gun might have belonged to defendant's wife, who used the car, or to his passengers or to some friend (who, perforce, took occasion to secrete shells in the console, as well as to place the gun under the driver's seat) are insufficient to require us to say that a jury could not find beyond a reasonable doubt that the gun was the defendant's.

Finally, defendant's belated suggestion in this court (belated, because it is contrary to his testimony below) that he might have known the gun was in his car but it was only as a bailment, overlooks our case of United States v. Palmer, 1 Cir., 1970, 435 F.2d 653.

Affirmed.