**UNITED STATES of America**

v.

**Robert W. DAVIS.**

**Crim. No. 71–260.**

United States District Court, W. D. Pennsylvania.

July 31, 1972.

James Villanova, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Samuel S. Pangburn, Washington, Pa., for defendant.

OPINION AND ORDER ADJUDGING DEFENDANT NOT GUILTY

KNOX, District Judge.

Defendant stands indicted for unlawful possession of a sawed-off shotgun in violation of 26 U.S.C. § 5861(b). The weapon in question is a vicious instru-

ment, viz: a Stevens Single Barrel Shotgun with an overall length of 17¾ inches. The barrel had been cut to a length of 11½ inches from 22 inches and the stock had been cut down from 12 inches to 3 inches. The firing mechanism itself, of course, was intact. It would appear to have no useful purpose except to kill a human being at short range.

We have previously denied a Motion to Suppress this gun as evidence holding that it came within the plain view exception as specifically discussed in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). One policeman testified that approximately 2½ inches of the stock protruded from under the front seat of the car immediately beneath the driver's seat. Another officer testified that 6 inches were protruding. The gun was visible to the officers who had stopped the car although it was dark, being 4:30 a. m., because the dome light in the car was on, the driver having alighted and left the door open.

We are not going to repeat here all the evidence taken at the Motion to Suppress hearing most of which was repeated at this hearing. Suffice it to say we there ruled that stopping of the car at this time of the morning for various violations of the Vehicle Code was proper under Pennsylvania Law and that the gun had been properly seized.

We have previously sentenced two other persons involved in the possession of this gun, to wit: Faith Ann Murphy who admittedly placed the gun under the seat of the car and Walter Hunnell who admittedly had had possession of the gun and had used it for target practice. They claimed they found it in the basement of a house which they had recently occupied.

At the close of the government's case, the court questioned whether the government had proved guilty knowledge of the presence of this gun in the car on the part of the defendant beyond reasonable doubt but since there was some circumstantial evidence from which it could be inferred that he might have known of its presence, we decided to hear defendant's testimony. Defendant and his witnesses all testified that the car was not his, that he had borrowed it earlier that evening about midnight and during the hours the car was in his possession he had not noticed the gun beneath the seat. The lights inside the car would not be on while he was driving, and the overhang of the front seat with a person sitting on the same would further conceal the gun.

We recognize what Congress was intending to accomplish by the gun control act in question in putting an end to traffic in weapons such as this: submachineguns, hand grenades, sawed-off shotguns, etc. We also recognize that the words "wilfully and knowingly" are significantly absent from this section of the law. We do not believe, however, that Congress intended to hold the innocent driver or passenger in an automobile who was unaware of the presence of the gun in the car. The United States Supreme Court has ruled that a person need not have specific intent or mens rea to be guilty under this act. See U. S. v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356. We take this case to mean that the fact that defendant did not know that the gun was unregistered was not available as a defense. In Freed the defendant knowingly had possession of hand grenades and the court said " . . . one would hardly be surprised to learn that possession of hand grenades is not an innocent act." We believe that there must be something beyond the mere fact that the gun was found in the car. In the concurring opinion of Mr. Justice Brennan in Freed he says:

> "The Government and the court agree that the prosecutor must prove knowing possession of the items and also knowledge that the items possessed were hand grenades."

 While the driver of the car may technically be said to be in possession of everything in it, nevertheless if he does not know of the presence of an unlawful weapon either in the trunk or

in the glove compartment or under the seat we do not believe he can be held to have possession sufficient for the violation of this law. See U. S. v. Goodson, 439 F.2d 1056 (5th Cir. 1971). There must be evidence of knowledge of the presence of the gun in the car. U. S. v. Holt, 427 F.2d 1114 (8th Cir. 1970). If the defendant knows what it is and knows that it is there, this would be sufficient to convict him.

We have examined other cases in this area.

In U. S. v. Shephard, 439 F.2d 1392 (1st Cir. 1971) a sawed-off shotgun was found under the driver's seat of defendant's car and the evidence was held sufficient for the jury. The difference is that in Shephard the car belonged to defendant and live shells were found in the glove compartment. The court distinguished this from a case involving a package of marijuana cigarets which a guest could readily have placed under the seat without the driver's knowledge. Guevara v. U. S., 242 F.2d 745 (5th Cir. 1957).

U. S. v. Weiler, 458 F.2d 474 (3d Cir. 1972) is heavily relied on by the government. In that case, however, the court instructed the jury that they must find that defendant intentionally committed the act but held that defendant was not entitled to an instruction that he knew his act was unlawful. The court said:

> "While a line between offenses of commission and omission may sometimes be difficult to draw and, when drawn, may not always be a satisfactory yardstick, the distinction is nevertheless a legitimate consideration in determining the perimeters of the Due Process Clause. Section 922(g) (1), as construed and applied by the court below, imposes criminal sanctions *only for the intentional doing of an act—* the transporting of a firearm across state lines by one convicted of, or indicted for, a serious crime."

This case may be said to support the contention of the defendant rather than that of the government.

The government also quotes from U. S. v. Kelley Davis, 461 F.2d 1026 (3d Cir. 1972), as follows:

> " 'Possession' of a narcotic drug under the statutes involved is sufficient to allow conviction unless the one charged with possession explains it to the jury's satisfaction. Proof of actual possession need not be shown; it may be established by circumstantial evidence. United States v. Raysor, 294 F.2d 563 (3d Cir. 1961); United States v. Malfi, 264 F.2d 147 (3d Cir. 1959), cert. denied, 361 U.S. 817, 80 S.Ct. 57, 4 L.Ed.2d 63 (1959). See also, United States v. Bridges, 419 F.2d 963 (8th Cir. 1969); Smith v. United States, 385 F.2d 34 (5th Cir. 1967). The evidence must be such, however, that a jury may infer that the person charged with possession had dominion and control of the narcotic drug, United States v. Gary, 447 F.2d 907, 909 (9th Cir. 1971); Brothers v. United States, 328 F.2d 151, 155 (9th Cir. 1964), or that he knowingly had power to exercise dominion and control over the drug. Amaya v. United States, 373 F.2d 197 (10th Cir. 1967). Such dominion and control need not be exclusive but may be shared with others. Brothers v. United States, supra, 328 F.2d at 155. On the other hand, mere proximity to the drug, or mere presence on the property where it is located, or mere association with the person who does control the drug or the property is insufficient to support a finding of possession. See, e. g., United States v. Holland, 144 U.S.App.D.C. 225, 445 F.2d 701 (1971); Arellanes v. United States, 302 F.2d 603, 606 (9th Cir. 1962); United States v. Mills, 293 F.2d 609 (3d Cir. 1961)."

Again, this quotation may also be used to support defendant's position. We hold defendant has satisfactorily explained the presence of the gun in the car and his lack of knowledge; that the circumstantial evidence here does not permit an inference of possession and that all we have here is mere proximity.

We also note that in Davis the drug was found in appellant's apartment which was her home.

Again U. S. v. Johnson and Scott (W. D.Pa. July 12, 1972 decision by Judge Sorg of this court at No. 72–82 Criminal) involved constructive possession by a driver (Johnson) of a car accompanying one in actual possession of a bag of heroin. Cutting agents were found in the trunk of his car and his actions indicated knowledge.

None of these situations are apropos here where the court as trier of the facts must make the determination.

This being a criminal case, we must find the defendant guilty beyond a reasonable doubt. Considering all the evidence in this case, we cannot say that there is anything beyond the possibility that defendant might have known that this gun was under the front seat of this car during the three or four hours he had possession of this car. This is insufficient to sustain a finding of guilty. Defendant must therefore be adjudged not guilty.

The findings of fact appear in the foregoing opinion in conformity with Rule 23 of the Rules of Criminal Procedure.