**UNITED STATES of America, Appellee,**

v.

**Ralph BROWN, Defendant-Appellant.**

**No. 1267, Docket 76–1142.**

United States Court of Appeals,
Second Circuit.

Argued July 23, 1976.

Decided Nov. 8, 1976.

Phylis Skloot Bamberger, Federal Defender Services Unit, The Legal Aid Society, New York City (William J. Gallagher, Federal Defender Services Unit, The Legal Aid Society, New York City, of counsel), for appellant.

Ira H. Block, Asst. U. S. Atty., S. D. N. Y., New York City (Robert B. Fiske, Jr., U. S. Atty., Frederick T. Davis, Asst. U. S. Atty., S. D. N. Y., New York City, of counsel), for appellee.

Before WATERMAN and MESKILL, Circuit Judges, and BARTELS, District Judge.*

MESKILL, Circuit Judge:

This is an appeal from a judgment of conviction entered after a jury trial in the United States District Court for the Southern District of New York, Irving Ben Cooper, J., upon a two-count indictment. Count One charged the appellant, Ralph Brown, and one Arthur John Smith, a/k/a "Kayo," and others unknown to the Grand Jury, with conspiring to violate the federal narcotics laws. Count Two charged the substantive offense of distributing, and possessing with intent to distribute, approximately one ounce of heroin.

Defendant Smith pleaded guilty to the conspiracy charge and he is not involved in this appeal.[1] Appellant Brown was convicted of the conspiracy charge and acquitted of the substantive charge. The only issues raised on this appeal involve the trial court's instructions to the jury concerning the defense of entrapment.

The facts of the case are these: Brown is a resident of Atlantic City, New Jersey, who came to New York on a visit in early January of 1975. While in New York, Brown was contacted by Morris Davis, an old family friend of 20 years, who, unbeknownst to Brown, was a government informant. Brown claimed at trial that Davis talked him into helping him purchase drugs so that Davis could obtain enough money to invest in a bar.

On January 14th, Brown and Smith met with Davis and Carliese Gordon, an undercover Special Agent of the Drug Enforcement Administration. Davis introduced Gordon as his friend and future partner in the bar business. Brown and Smith helped Davis and Gordon purchase approximately one ounce of heroin for $1,400 from an unidentified source. At trial, Brown testified that Davis and Gordon had promised not to involve him in any further drug transactions. When the transaction was complete, Gordon told Brown that he might be back in a few days for two or three more ounces, and, according to Gordon, Brown responded that he could handle up to one kilogram.

On January 15th, Davis and Gordon met with Brown and Smith to complain that they had received less than the full ounce for which they had paid. Brown disclaimed responsibility, but stated that he had another source who could supply superior heroin for $2,500 per ounce. According to Brown, when Davis and Gordon told him on January 15th that the heroin he had helped them purchase was less than a full ounce, he perceived this as a trick to force him to help make up the money lost on the shortage. Brown testified that he decided to "play along" until he could return to New Jersey. On January 23rd, Brown and Smith attempted to purchase heroin for Gordon, but this attempt proved unsuccessful.

Thus, Brown admitted doing everything the government said he did, but defended on the ground that he lacked the requisite *mens rea* for either offense. He claimed that Davis' entreaties amounted to entrapment, and the jury apparently agreed, for it acquitted him of the substantive offense. With respect to the conspiracy, he defended on the ground that up to and including the events of January 14th, he was a victim of entrapment, and thereafter he did not intend to further the illegal purposes of the conspiracy because he was merely "playing along."[2] Since the jury convicted Brown

---

* Of the Eastern District of New York, sitting by designation.

1. The substantive charge against Smith apparently remains open in accordance with the direction of Judge Cooper at the time of sentencing.

2. The government contends that there is no basis in the record for Brown's contention that his defense was lack of intent. We disagree. Although defense counsel took the somewhat simplistic position in his summation to the jury that entrapment was the only issue, we cannot fault counsel for trying to make the case simple for the jury. There was, in fact, evidence from which the jury could have concluded that Brown lacked intent. Brown so testified, and his testimony was corroborated to some extent by the fact that on January 23rd he drove to different locations with Agent Gordon without obtaining any heroin.

of conspiracy, it is to that count that we turn our attention.

The entrapment portion of Judge Cooper's charge to the jury was substantially as requested by defense counsel, and neither counsel objected to any portion of the charge. After two and one-half hours of deliberation, however, the jury sent the following note to the court:

> Is entrapment a defense for conspiracy?[3]
>
> I. e., if we feel there was entrapment, does it necessarily follow that we must acquit on conspiracy since no partnership would have been formed were it not for this "deal."
>
> Are these charges completely separate?[4]

The court answered the query contained in the last sentence of the note by saying that the conspiracy charge and the substantive charge were separate offenses and that it was the jury's responsibility to render a verdict as to each. The court also asked the jury to rewrite the note so as to clarify the meaning of the word "deal." Later that day, the jury sent a second note explaining that "deal" meant the "initial conversation between Morris [Davis] and Brown." The court directed both attorneys to consider the matter that evening and, on the following morning, to recommend a response to the jury's questions.

The next day, the government expressed its concern that the jury had confused entrapment with mere inducement, and requested a charge that would clarify the distinction between them. The judge declined to so charge on the ground that, if he did, he would appear to be telling the jury to find that there had been no entrapment.

Defense counsel stated that inasmuch as the heart of the conspiracy was the purchase of heroin on January 14th, the defense of entrapment applied to both counts equally, suggesting that if the jury believed Brown's entrapment defense their verdict should be not guilty as to both counts.[5]

After listening to both sides, and before recalling the jury, Judge Cooper said,

> Gentlemen, I thank you for the efforts that you have apparently expended but I must say that unless I am entirely wrong, you have missed the . . . point. Both of you have overlooked it.
>
> Entrapment can only be asserted where there has been an admission of doing the act. The proof here is that the defendant admitted [the substantive count] but created the defense of entrapment. He denied the conspiracy; he never admitted the conspiracy.

Following this statement, defense counsel asserted that Brown had admitted "doing almost every single thing the Government asked," and he requested that if the Judge planned to charge as indicated that he also charge that Brown admitted the conspiracy. Judge Cooper declined to so charge because his recollection was to the contrary, and he decided to leave the question of admission as a question of fact for the jury. The jury was then recalled, and Judge Cooper charged as follows:

> You undoubtedly got the general impression from my charge as to entrapment that it is a defense raised where a person

---

3. When Judge Cooper read the note to counsel, he stated the first question as follows: "Is the entrapment defense for conspiracy?" Since both briefs contain the same variant, we use the version in the briefs.

4. The underlying theory of the note appears to be that the events of January 14th and the events subsequent to January 14th "were not independent acts subsequent to the inducement but part of a course of conduct which was the product of the inducement." *Sherman v. United States*, 356 U.S. 369, 374, 78 S.Ct. 819, 822, 2 L.Ed.2d 848 (1958). Reluctant as we are to second-guess defense counsel or the court, it would seem that a charge based upon the quoted language from *Sherman* would have been appropriate.

5. While defense counsel was correct so far as he went, his analysis was incomplete. His analysis was limited to the events of January 14th, and he failed to account for the possibility that the jury might conclude that the initial entrapment did not justify Brown's continued involvement after January 14th. Even under *Sherman, supra*, the jury would have to find that the subsequent events were "part of a course of conduct which was the product of the inducement." *Id.* at 374, 78 S.Ct. at 822.

charged with a crime says in effect, yes, I did do all those steps that spell out the doing of a crime but I want you to know that I want to add the defense of entrapment.

Hence, it is that when the defendant went on the stand you heard his testimony, you heard what he admitted and what he denied. There seems to be some disagreement between us as to whether or not the defendant admitted the conspiracy. It is clear that he admitted the second count.

If you conclude that he admitted the conspiracy, then you apply the defense of entrapment, because you don't apply entrapment if a man denies he did something, only when he admits he did it.

\* \* \* \* \* \*

A defendant's testimony to the effect that he did not commit the crime cannot raise an issue of entrapment. That is the law I am charging you. I repeat it again: A defendant's claim to the effect that he did not commit the crime cannot raise an issue of entrapment.

\* \* \* \* \* \*

Now, suppose you conclude that he did admit the conspiracy or conspired. Then you apply the defense of entrapment the way you applied it in the second count on which we are all agreed that he did admit doing or committing that substantive act charged in Count 2. But he says I admit it but I was entrapped.

Don't you see, in essence entrapment can be considered by you as a defense to each count separately?

Suppose, for example, you decide that he did admit in essence that he admitted the conspiracy. Then he is entitled to the defense of entrapment . . . .

You take the whole trial record, everything that happened before you, the stipulations, the exhibits, everything else, and you decide on Count 1 did the Government establish the charge in Count 1, the conspiracy, beyond a reasonable doubt?

Did the defendant admit what you are convinced of, that he did conspire, that the charge has been sustained in Count 1? Well, you apply the defense of entrapment and are you satisfied from the totality of the evidence that he was entrapped? And if you are satisfied, out, he is acquitted of Count 1.

Then you pick up Count 2 and you ask yourselves what about this? The Judge told us what elements must be established, each of which must be established beyond a reasonable doubt as to Count 2. Are we satisfied beyond a reasonable doubt as to each one of those elements that must be proven in Count 2?

Suppose you decide that you are satisfied beyond a reasonable doubt, you don't have to ask yourselves whether or not he admitted Count 2, because we are all agreed that he did. You may be equally convinced with regard to Count 1.

But in considering Count 2 now, it is another case, another deal, another proposition, another separate act. It is another matter that you can consider using the same evidence, of course.

So you pick up that whole record again and pick up all the stipulations again and pick up everything in the total record again, including the Judge's charge and, you say, am I convinced beyond a reasonable doubt that he committed Count 2? Suppose you say yes? Then you go to the question, what about entrapment? If you are convinced that the defendant was entrapped with regard to Count 2, out goes the case.

If you are not convinced, then you disregard what he asserts as to entrapment as to Count 2.

You may, for instance, find entrapment as to one count and not as to the other . . . .

Upon completion of this supplemental charge, Judge Cooper satisfied himself that the jurors individually understood his instructions and that the jurors' inquiries contained in the note had been satisfactorily answered. After the jury returned to deliberate, Judge Cooper asked counsel for

comments regarding the charge. The government said it was satisfied. Defense counsel said he was "concerned about the indication that there is some doubt in the Circuit as well as here about whether or not there is an admission to the [conspiracy] count."

Two and one-half hours later, the jury returned a verdict finding the defendant guilty of conspiracy and not guilty of the substantive offense. Appellant claims on this appeal that the supplemental charge on entrapment was so defective that it precluded a fair evaluation of his defenses, thereby depriving him of a fair trial. We agree.

In order to understand why the charge was defective, it is necessary to first understand the reason Judge Cooper gave it. There is a logical inconsistency between the simultaneous assertion by a defendant that he did not commit a crime and that he was entrapped into committing it. The Circuits are split over the issue of whether a defendant should be permitted to make such an assertion. *See United States v. Swiderski*, 539 F.2d 854, at 859 n. 4 (2d Cir. 1976). This Circuit has not yet decided the issue. *Id.* Since Brown denied that he lacked the requisite mental intent for conspiracy because he was merely "playing along" after January 14th, Judge Cooper concluded that he had denied the conspiracy and therefore found it necessary to decide whether Brown should also be allowed to claim entrapment. He decided that Brown should not. For the reasons that follow, we conclude that Judge Cooper's concerns were misplaced, and that he decided the issue left open in *Swiderski, supra,* unnecessarily. Consequently, the issue of whether a defendant may deny the commission of a crime and assert that he was entrapped into committing it need not be decided in the instant case and remains an open question in this Circuit.

The two defenses relied upon by Brown, entrapment and lack of intent, related to events occurring in two distinct and different periods of time within the life of the conspiracy. They are not addressed to a single criminal episode as was the case in *Sylvia v. United States*, 312 F.2d 145 (1st Cir.), *cert. denied*, 374 U.S. 809, 83 S.Ct. 1694, 10 L.Ed.2d 1032 (1963), upon which the government relies. Entrapment related to the initial agreement and the purchase of drugs on January 14th, the major events of the conspiracy. Lack of intent, on the other hand, related to the subsequent events when Brown made promises, allegedly without intending to perform. Since these defenses related to different time periods, they were not inconsistent. Brown neither admitted nor denied the entire conspiracy. He admitted the conspiracy up to and including the events of the 14th, and he asserted entrapment. He denied that he possessed the requisite intent after the 14th because he was merely "playing along" until he could return to New Jersey.

Brown was entitled to a charge which would not preclude the jury from considering both defenses. Judge Cooper left the question of Brown's admission of the conspiracy for determination by the jury. Consequently, Judge Cooper's charge led the jury to believe that the defense of entrapment could be considered only if they found that Brown admitted the conspiracy *in toto.* This was misleading, for it failed to allow the jury to consider Brown's partial admission and partial denial: an admission of the *actus rea* and a denial of the *mens rea.* Inasmuch as Brown denied that he intended to further the illegal purposes of the conspiracy after January 14th, the jury must have thought that it could not consider the entrapment at all with respect to the conspiracy. That was simply incorrect. Although defense counsel failed to request a charge spelling out both defenses to the conspiracy count, the supplemental charge given was plain error and highly prejudicial to Brown's defense. Consequently, the judgment of conviction must be reversed.

Brown also claims that the trial judge committed error in omitting to charge on reasonable doubt and the burden of proof as they relate to entrapment. Judge Cooper had agreed to give the requested charge, but omitted it unintentionally. In view of

our disposition of this case, we need not decide whether the omission was reversible error. At Brown's new trial, if any, there is no reason to believe that the court will repeat its omission.

Reversed and remanded for a new trial.

BARTELS, District Judge (concurring):

I concur in the majority's decision to reverse but for another reason.

I do not believe that Judge Cooper committed plain error in his supplemental charge to the jury, thus preventing consideration of the defense of entrapment as to the first period of the conspiracy count which the jury might find Brown admitted. Nor can I agree with the defendant's contention that the district court neglected to charge the jury sufficiently as to reasonable doubt and the burden of proof as they relate to entrapment. I would reverse not because of the specifics above mentioned in the supplemental charge but because the district court adopted the rule of *Sylvia v. United States*, 312 F.2d 145, 147 (1st Cir.), *cert. denied*, 374 U.S. 809, 83 S.Ct. 1694, 10 L.Ed.2d 1052 (1963), prohibiting inconsistent or alternate defenses of denial of the offense and at the same time interposition of the defense of entrapment.

### First Claim of Plain Error

In support of the defendant's first claim of plain error, the majority asserts that Brown interposed two defenses, (i) entrapment, and (ii) lack of intent, relating to two distinct time periods within the life of the conspiracy, the first being January 1 to January 14, and the second being January 14 to February 15, 1975. I agree that since the defenses related to different time periods they were not inconsistent, and I further agree that "Brown was entitled to a charge which would not preclude the jury from considering both defenses." I believe he received such a charge. I find it difficult to agree that the district court's supplemental charge "led the jury to believe that the defense of entrapment could be considered only if they found that Brown admitted the conspiracy *in toto*." The diffi-

culty with the charge is that the district court adopted the rule in *Sylvia v. United States, supra,* which prohibits a defendant from asserting simultaneously the inconsistent or alternate defenses that he did not commit the crime and if he did commit the crime, that he was entrapped. Under this rule Judge Cooper was required to charge that the defense of entrapment could not be interposed unless the defendant first admitted the conspiracy. Although the defendant did admit the conspiracy from January 1 to January 14, he did not admit the conspiracy from January 14 to February 15. I am troubled with the majority conclusion that plain error resulted when the district court did not divide the conspiracy charge into two distinct time periods within the life of the conspiracy and charge the the jury that there were two different defenses applicable to the two periods. I find nothing in the court's charge which required the jury to find that the defendant admitted the conspiracy during both periods, i. e., *in toto*, before they could consider the defense of entrapment at all. The court simply stated that the conspiracy had to be admitted before the defense of entrapment could be considered.

At the beginning of the main charge, the district court clearly stated that the Government would have to prove intent to conspire beyond a reasonable doubt before the jury could find a verdict of guilty, and naturally such an intent would apply to both periods of the conspiracy. It does not follow that the jury would have inferred from the charge given that if they failed to find an admission to conspire as to the latter period, they were then prevented from considering the defense of entrapment during the former period even if they found that the defendant had admitted conspiracy during that period. The majority assumes that since the defendant did not admit the conspiracy after January 14 the jury must have thought from the charge that they could not consider entrapment before January 14. But this conclusion cannot necessarily be inferred simply because the Judge did not fragment the charge on conspiracy into two different periods. I do not believe

that the jury received this impression particularly since the district court stated in part:

"If you conclude that he admitted the conspiracy, then you apply the defense of entrapment, because you don't apply entrapment if a man denies he did something, only when he admits he did it."

In my view this charge did not foreclose the jury's option of finding the entrapment defense available for any period of the conspiracy less than its entirety. The majority observed that in view of Brown's testimony concerning conspiracy after January 14, "the jury must have thought that it could not consider the entrapment at all with respect to the conspiracy." It is impossible to evaluate what factors entered into the jury's verdict. The jury was not compelled to believe Brown particularly since his testimony that he was "playing along" appears to be incredible in view of his admission of intent as to the first period. In any event, "the jury has the power to bring in a verdict in the teeth of both law and facts," *Horning v. District of Columbia*, 254 U.S. 135, 138, 41 S.Ct. 53, 54, 65 L.Ed. 185 (1920) (Holmes, J.), if it has not been misled.

Referring to the failure of the court to charge with respect to two different periods within the conspiracy, defense counsel neither requested a divisible charge nor objected to the court's indivisible supplemental charge. Instead, defense counsel concentrated in his summation on the entrapment issue making no mention of the defendant's lack of the requisite intent or the two different defenses now asserted. Now that a guilty verdict has been obtained defense counsel for the first time talks about the two different periods and claims plain error. Indeed, defense counsel requested the court to charge that the defendant admitted the entire conspiracy, thus impliedly consenting that there was no necessity to charge specifically as to the different periods within the conspiracy. It is hard to escape the conclusion that counsel deliberately chose this approach as part of the strategy of defense realizing that after the defendant's admission of intent to conspire

with respect to the first period it was unlikely that the jury would find lack of intent for the second period. In this context it would appear to be good defense tactics to emphasize entrapment with respect to the entire period. As Judge Lumbard stated in *United States v. Stallings*, 273 F.2d 740, 742 (2d Cir. 1960), quoting *Edwards v. United States*, 265 F.2d 909, 910 (6th Cir.), *cert. denied*, 361 U.S. 845, 80 S.Ct. 98, 4 L.Ed.2d 83 (1959), " 'There is no warrant . . . for relieving the accused of the consequences of what appears to have been a planned defense stratagem, by the device of condemning as 'clear error' of the trial court a seemingly calculated risk of defense counsel which happened not to achieve the intended result with the jury.' " Here, even if there were plain error, there is no warrant to relieve the defendant of his counsel's calculated risk.

### Second Claim of Plain Error

I find no merit in the defendant's second claim of plain error in the trial court's alleged omission to charge on reasonable doubt and on the burden of proof relating to entrapment. The pertinent portion of the charge reads as follows:

"Now, as to the burden of proof on the issue of entrapment. If you should find there is some evidence of enducement, then the government has the burden of proving that such inducement was not the cause or creator of the crime. In other words, the government must prove that this defendant was ready and willing to commit the offense charged. Have I made that clear? I have repeated it backwards and forwards, the same idea, but it is important that you get it. Again, I say I am encouraged by the nodding of your heads spontaneously and that satisfies me that I need not dwell on entrapment further."

It is true that there is an omission of the phrase "beyond a reasonable doubt" with reference to the burden of proof in this instance, but the court throughout the charge mentioned again and again that the government must prove its case beyond a

reasonable doubt, and there is little doubt that the jury understood the quantum of proof required. Defense counsel did not object to the omission but again waited for the appeal to raise the issue.

### Conclusion

As noted at the beginning, the problems arising from the trial court's charge are caused primarily by its adoption of the rule in *Sylvia v. United States, supra,* and the other cases cited in *United States v. Swiderski,* 539 F.2d 854, 859 n. 4 (2d Cir. 1976), prohibiting inconsistent or alternate defenses. As stated by the majority, in this Circuit the question continues to remain open, *see United States v. Swiderski, supra,* and it would be presumptuous for me to predict which of the two standards the Circuit will or should adopt. Nevertheless, since I cannot concur in reversal for the reasons stated by the majority, I do not believe it is inappropriate for me to vote for reversal upon the ground that inconsistent or alternate defenses are permissible and that the trial court should have permitted the same under the rule set forth in *Hansford v. United States,* 112 U.S.App.D.C. 359, 303 F.2d 219, 221 (1962); *Crisp v. United States,* 262 F.2d 68, 70 (4th Cir. 1958); and *Scriber v. United States,* 4 F.2d 97, 98 (6th Cir. 1925).