UNITED STATES of America, Appellee,

v.

Gerald CARON, Appellant.

No. 78–1044.

United States Court of Appeals,
First Circuit.

Argued Sept. 7, 1978.

Decided Dec. 29, 1978.

Brian J. McMenimen, Boston, Mass., on brief, for appellant.

Walter Prince, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, KUNZIG *, Judge, and DUMBAULD **, Senior District Judge.

DUMBAULD, District Judge.

■■■ Defendant-appellant was convicted of gun law violations.[1] At trial defendant requested, but the Court refused,[2] an instruction on entrapment.[3] The basis for

---

\* Of the Court of Claims, sitting by designation.

\** Of the Western District of Pennsylvania, sitting by designation.

1. Count I charged dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1); Count II charged illegal possession of an unregistered shotgun in violation of 26 U.S.C. § 5861(d); and Count III charged transfer of a shotgun without government approval in viola-

tion of 26 U.S.C. § 5861(e). Defendant was found guilty on all three counts.

2. Appendix, transcript of testimony, 229–232.

3. Entrapment occurs when the offense for which a defendant is being prosecuted was instigated by the law-enforcement officers and the defendant had no previous disposition to commit it. Merely affording opportunity or facilities for commission of the offense does not

the denial of the requested instruction was that defendant did not admit commission of the crimes charged.[4] The trial judge was very explicably misled into such a ruling by defendant's repeated, persistent, and perhaps perverse, refusals to admit that he sold any guns.

Defendant may have considered himself not to be a seller, but a broker, entitled to receive a "commission." When "a guy contacted me; he had a couple of guns he wanted to get rid of" defendant notified the government undercover agent and "made arrangements for the two of them to get together in regard to this gun that he had for sale." But the supposed seller never met with the agent. Defendant took the agent to a parked car, not belonging to defendant, where the guns were under the seat. The agent bought them. Defendant took the money for the guns but said "I have got to go give this guy the money" and testified that he did so. He reiterated that "It wasn't purchased from me, because I didn't own it"; "I did not sell the gun, because the gun is not mine. Monteiro [the agent] looked at it. He gave me the money; I gave the money to the guy"; "I didn't sell the gun. The party that owned the gun sold the gun".

Regarding another sale to the agent, defendant testified that one Morro "gave me the rifle to give to Richard Ragonesi for Richie to sell it. And I was supposed to keep the money that Richie received from this transaction, and take out what he owed me".

By a *lapsus linguae* defendant on one occasion answered "Yes, it was" when asked if the gun in court "was the firearm that was purchased from you on February 15, 1977," but immediately corrected his answer, interrupting the prosecutor's next

question, and explained "It wasn't purchased from me, because I didn't own it." On another occasion when asked "But yet you sold that gun, didn't you?" he replied "Yes, I did,—I didn't sell it" but admitted receiving money for it.

Upon careful examination of the record, however, we are convinced that defendant admitted sufficient facts to warrant a jury in finding him guilty of the offenses charged. Hence he would be entitled, under our cases, to a charge on entrapment.

The narrow distinction between admissions which are and those which are not sufficient to entitle a defendant to an entrapment charge can best be clarified by reference to our decision in *Rodrigues, supra*. That case involved sale of narcotics rather than guns. With regard to the first sale, defendant's testimony was that he merely suggested to the government agent a possible source of drugs. He denied involvement in the sale to the agent. We held that no entrapment defense was available with respect to this transaction. 433 F.2d at 761.

But with respect to two other transactions defendant testified (contrary to the agent's testimony) that he acted as a "procuring agent" in purchasing the drugs for the government agent. As to these sales we concluded that "he has admitted to facts which would be sufficient to sustain a conviction for selling narcotics unless the jury were to conclude that his was the rare case of a mere 'procuring agent'. . . . There is no contradiction in maintaining that one was merely a procuring agent and was entrapped into even that service." *Ibid.* Rodrigues was therefore entitled to a charge of entrapment with respect to these two transactions.

---

constitute entrapment. *Sorrells v. U. S.*, 287 U.S. 435, 441, 53 S.Ct. 210, 77 L.Ed. 413 (1932). See also *U. S. v. Russell*, 411 U.S. 423, 428–36, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); and *Hampton v. U. S.*, 425 U.S. 484, 488–90, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976).

4. Under the law of this Circuit it is clear that the issue of entrapment does not arise until a defendant admits commission of the crime

charged but asserts that the offense was instigated by the actions of the law-enforcement officers. *Sylvia v. U. S.*, 312 F.2d 145, 147 (C.A. 1, 1963); *Kadis v. U. S.*, 373 F.2d 370, 372–74 (C.A. 1, 1967); *U. S. v. Rodrigues*, 433 F.2d 760, 761 (C.A. 1, 1970); *U. S. v. Badia*, 490 F.2d 296, 299 (C.A. 1, 1973); *U. S. v. Russo*, 540 F.2d 1152, 1154 (C.A. 1, 1976); *Tzimopoulos v. U. S.*, 544 F.2d 1216, 1217 (C.A. 1, 1977).

The only difference between *Rodrigues* and the case at bar is that there the defendant testified that he was a procuring agent, but that defendant in the case at bar did not. Therefore he would be entitled *a fortiori* to an entrapment charge when he admitted facts sufficient to establish his guilt unless he was a procuring agent. In *Rodrigues, we found no inconsistency between trying to convince the jury that the acts alleged did not add up to the crime charged and trying to convince the jury that one was entrapped into such innocent acts. A defendant can claim that he was induced by the government to perform acts which were, after all, innocent and which he contends did not constitute a violation of law of the sort for which he was indicted.*

Defendant's admissions that he helped the owners of guns sell them, by delivering the guns and receiving the money for them, are certainly sufficient to convict him as a principal under 18 U.S.C. § 2 under the first count, charging dealing in firearms in violation of 18 U.S.C. § 922(a)(1).

His admissions that he put a gun in someone else's car and drove the car to meet the agent was certainly sufficient to convict him of possession, under the second count, based on 26 U.S.C. § 5841 and § 5861(d). *See U. S. v. Davis*, 346 F.Supp. 405, 407 (W.D.Pa.1972). Likewise his admission that he helped the agent take guns out of the car would suffice to enable a jury to find him guilty of transferring a firearm as charged in the third count, based on 26 U.S.C. § 5812(a) and § 5861(e).

Since defendant admitted facts sufficient to warrant his conviction of the offenses charged, he was entitled to a charge on entrapment.

*The judgment is vacated and the case remanded to the district court for further proceedings.*