**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard MORA, Defendant-Appellant.**

No. 83–2438.

United States Court of Appeals,
Tenth Circuit.

July 29, 1985.

Edwin Macy, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

David N. Williams, Asst. U.S. Atty., Albuquerque, N.M. (William L. Lutz, U.S. Atty., and Stanley K. Kotovsky, Jr., Asst. U.S. Atty., Albuquerque, N.M., on briefs), for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and BARRETT and LOGAN, Circuit Judges.

**1198**

PER CURIAM.

Defendant Richard Mora was indicted on five counts of unauthorized acquisition and use of U.S. Department of Agriculture food stamps in violation of 7 U.S.C. § 2024(b). After trial, a jury convicted defendant on three of the counts and acquitted him on two.

On appeal defendant claims: (1) that the trial court should have instructed the jury on entrapment on all five counts; (2) that the trial court erred in its instruction on other crimes under Fed.R.Evid. 404(b); and (3) that the jury pool from which defendant's jury was derived was constitutionally defective.

As part of a government sting operation, special agents from the Department of Agriculture approached various persons in Albuquerque, New Mexico, in the spring of 1983, and offered to sell them food stamp books for less than their face value. The agents sold books of food stamps to defendant on at least five separate occasions.

Defendant admitted engaging in the physical acts of purchasing the food stamps on all five occasions, but testified that he did not know what he was doing was illegal until after the fourth transaction. The charges arise from those five transactions.

The trial court refused to instruct the jury on entrapment for four of the five counts, including the three on which defendant was convicted. The court permitted the entrapment instruction on the count for which defendant admitted both the act of buying the food stamps and knowledge that such a purchase was illegal. It refused to give an entrapment instruction for the other counts because of our decision in *Munroe v. United States,* 424 F.2d 243 (10th Cir.1970) (en banc).

■ We realize that the circuit courts of appeals are divided over whether defendants must admit all the elements of a crime before they can assert the entrapment defense.[1] We need not review the intricate permutations of each circuit's rule here,

---

1. Several circuits permit a defendant to both claim entrapment and simultaneously deny the elements of the crime. *See United States v. Demma,* 523 F.2d 981, 982 (9th Cir.1975) (en banc); *Hansford v. United States,* 303 F.2d 219, 221 (D.C.Cir.1962) (en banc); *Crisp v. United States,* 262 F.2d 68, 70 (4th Cir.1958) (per curiam). Other circuits, including the Tenth Circuit, have required that a defendant admit all the elements of the crime charged before asserting entrapment. *See United States v. Whitley,* 734 F.2d 1129, 1139 (6th Cir.1984); *United States v. Hill,* 655 F.2d 512, 514 (3d Cir.1981), *cert. denied,* — U.S. ——, 104 S.Ct. 699, 79 L.Ed.2d 165 (1984); *Munroe v. United States,* 424 F.2d 243, 244 (10th Cir.1970) (en banc); *but see United States v. Badger,* Nos. 78–1935 & 78–1936, slip op. at 9–11 (10th Cir. Mar. 4, 1980) (McKay, J., dissenting) (advocating reexamination of rule in *Munroe* ), *cert. denied,* 449 U.S. 889, 101 S.Ct. 247, 66 L.Ed.2d 115 (1980).

One circuit has adopted, abandoned and then recently readopted a compromise position, permitting a defendant to assert entrapment when he admits the alleged physical acts but denies criminal intent. *See United States v. Greenfield,* 554 F.2d 179, 182–83 (5th Cir.1977), *cert. denied,* 439 U.S. 860, 99 S.Ct. 178, 58 L.Ed.2d 168 (1978); *United States v. Garrett,* 716 F.2d 257, 270–71 (5th Cir.1983) (retreating slightly from *Greenfield* position: better approach is to determine whether asserted defense is inconsistent with an allegation of entrapment); *United States v. Henry,* 727 F.2d 1373, 1374–77 (5th Cir.1984) (abandoning *Greenfield* rule altogether and re-

turning to old requirement that defendant admit all the elements of the crime), *reversed following rehearing en banc,* 749 F.2d 203, 211–14 (5th Cir.1984) (readopting *Greenfield* rule allowing testifying defendant to receive entrapment instruction if he denies criminal intent but does not deny committing the acts charged).

Decisions in other circuits are less than perfectly clear in how they would handle the situation before us. *See United States v. Caron,* 588 F.2d 851, 852–53 (1st Cir.1978) (entrapment instruction was warranted even though defendant tried to make his acts appear innocent to the jury); *United States v. Johnston,* 426 F.2d 112, 114 (7th Cir.1970) (court would require defendant to admit criminal "acts" but does not mention whether this includes the mental state); *but see United States v. Liparota,* 735 F.2d 1044, 1048 & n. 4 (7th Cir.1984) (defendant must admit the commission of the offenses in order to raise entrapment defense), *reversed on other grounds,* — U.S. ——, ——, 105 S.Ct. 2084, 2094, 85 L.Ed.2d 434 (1985) (holding that 7 U.S.C. § 2024(b) requires knowledge that acquisition of food stamps violated statute or regulations).

The Second Circuit has acknowledged the diversity of views, *see United States v. Valencia,* 645 F.2d 1158, 1170–72 (2d Cir.1980), but has continued to reserve the issue we face in this case, *see United States v. Mayo,* 705 F.2d 62, 73 (2d Cir.1983).

however, because this case is controlled by our previous en banc decision in *Munroe v. United States*, 424 F.2d 243, 244 (10th Cir. 1970). In *Munroe* defendants did not deny engaging in sales of drugs, but they did deny the requisite mental state by contending that the sales were legal. This court held that they were not entitled to an entrapment instruction when they admitted all of the elements of the crime except the mental state. Defendant's argument in this case is identical to that which we denied in *Munroe*. Therefore, we find no error in the trial court's denial of the entrapment instruction on those counts for which defendant denied that he knew it was illegal to purchase the bootleg food stamps.

Defendant also claims that the trial court erred in instructing the jury about the proper use of evidence of prior bad acts under Fed.R.Evid. 404(b) because there was no evidence to support such an instruction. During their testimony, however, the Department of Agriculture agents asserted that defendant discussed other possibly illegal acts and wrongs, including illegal sales of stolen guns and resale of food stamps to city employees. Although defendant denied some of these allegations, he also corroborated some of the details. Such information was admissible but only for the limited purpose of establishing defendant's motive, opportunity, intent, etc. *See* Fed.R.Evid. 404(b). Therefore, the trial judge's cautionary instruction on this issue was not only justified but required to carry out the purpose of the rule.

Defendant also asserts that the trial court did not properly instruct the jury about the limited use allowed for evidence of defendant's prior conviction for residential burglary. The court did instruct the jury concerning the effect of past crimes on a witness' credibility. We believe that this instruction, combined with the Rule 404(b) instruction, adequately protected defendant from any prejudice based on his prior conviction.

In defendant's final assertion of error, based on constitutional defects in the composition of the jury pool, he merely incorporates by reference arguments that we rejected in *United States v. Yazzie*, 660 F.2d 422 (10th Cir.1981), *cert. denied*, 455 U.S. 923, 102 S.Ct. 1282, 71 L.Ed.2d 464 (1982).

AFFIRMED.