## HEATH et al. v. HELMICK.
### No. 11904.

United States Court of Appeals
Ninth Circuit.
March 4, 1949.

See, also, 9 Cir., 173 F.2d 157.

Ernest R. Utley and J. Geo. Ohanneson, both of Los Angeles, Cal., for appellants.

Leslie S. Bowden and J. M. Clements, both of Los Angeles, Cal., for appellee.

Before MATHEWS and HEALY, Circuit Judges, and FEE, District Judge.

PER CURIAM.

The record shows that the certificate on review to the District Court was made by Hubert F. Laugharn, Referee in Bankruptcy, June 18, 1947. The judgment of the District Judge, dismissing the petitions for review, confirming the orders and adopting findings and conclusions of the referee, was signed and entered by the Honorable C. E. Beaumont on December 2, 1947. Appeal from this judgment was taken to this court December 26, 1947.

On April 12, 1948, a supplemental certificate on review was signed by David B. Head, who is not shown to have had any other connection with this cause, as Referee in Bankruptcy, adding various documents and exhibits. This was filed in the District Court and included as part of record on appeal. The referee had no power to file a supplemental certificate or additional record after the decision had been affirmed by the District Judge and especially after appeal had been taken.

On September 20, 1948, pursuant to a representation and motion based upon stipulation that the record required correction and supplementation under Federal Rules of Civil Procedure, rule 75(h), 28 U.S.C.A., this court granted an order permitting the addition of certain other documents. It appears that none of these last

documents were ever offered in evidence, either before the referee who determined the cause or the District Court.

The cause must be tried here upon the record made at the original trial. The rule cited has not for its purpose the introduction of new evidence even by stipulation, but only correction of the record to conform to truth by elimination of omissions and misstatements. A trial before a referee or a District Court would be a nullity if the record could be so changed here. Likewise, substantial injustice might be done to a litigant.

The so-called Referee's Supplemental Certificate on Review and all documents and exhibits incorporated herein and the so-called motion to correct and supplement record and the documents accompanying are stricken from the files and no consideration will be given thereto in the disposal of this cause.