**BUTLER v. UNITED STATES.**

No. 10582.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 13, 1950.

Decided Jan. 18, 1951.

Mr. William E. Owen, Washington, D.
C., for appellant.

Mr. Richard M. Roberts, Asst. U. S.
Atty., Washington, D. C., with whom

Messrs. George Morris Fay, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before PROCTOR, BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant was convicted of the crime of unlawful possession of marihuana and of certain narcotics.[1] Among the grounds relied upon for reversal is the trial court's refusal to allow appellant's counsel, at the conclusion of the charge and before the jury left the room, to describe with particularity his objections to the manner in which the charge was delivered. This incident is reported in the transcript of the proceedings below for February 15, 1950.[2] The following colloquy took place at the bench, not in the hearing of the jury:

"Mr. Owen. Counsel for the defendant would like to say that he would be less than frank were he not to state that Your Honor's instruction was certainly not indicative of impartial views—

"The Court. Just a moment. You have an opportunity to note on the record any objections you have to the instruction. You may not make an argument or a speech. Proceed.

"Mr. Owen. I object, Your Honor, to the gesticulations and the facial expressions—

"The Court. I am going to punish you for contempt of Court if you continue along that line. You can't take any exception to gesticulation and facial expression. That is a false notion. But proceed. You have stated that for the record.

"Mr. Owen. May I call one instance to your Honor's attention?

"The Court. No; you may not. This is not for argument but for the purpose of protecting the record by stating objections. Are there any further objections?"

We think the court erred in its view that appellant could not "take any exception to gesticulation and facial expression" or "call one instance" to the court's attention. In Billeci v. United States, D.C.Cir., 1950, 184 F.2d 394, 402, which had not yet been decided at the time of the trial below, we laid down the rule to be followed by court and counsel when such objections are made: " * * * if the intonations and gestures of a trial judge are erroneously detrimental to a defendant in a criminal case it is the duty of counsel to record fully and accurately, at the time and on the record, although not in the hearing of the jury, what has transpired. In such a situation it is as much his duty to make that record as it is his duty to record his objections to the charge, as the Rules require, before the jury leaves the room. If the representations then made by counsel are not accurate, the court may say so. But if there is a serious question as to whether the jury may have derived some unintended meaning or have been likely to infer erroneously from the gestures and intonations of the judge, he should emphatically instruct them so as to remove any possible erroneous impression from their minds. If a difference develops between judge and lawyer as to what has happened, the procedure upon exceptions before there were court reporters is available." The wisdom of that rule lies not only in the protection that it affords to both the court and the accused, but in the basis it provides for appellate review.

On September 5, 1950, more than six months after the trial and shortly after our decision in the Billeci case, counsel for both parties were requested to appear before the court below. From the transcript of that supplemental proceeding, it appears that an attempt was made to correct whatever possible error there may have been in the court's treatment of appellant's exception to the charge. At the outset, the trial

1. Appellant was charged with violation of (1) 26 U.S.C.A. § 2593 (a) which makes illegal the acquisition of marihuana by a transferee thereof without payment of a transfer tax; (2) 21 U.S.C.A. § 174 which makes unlawful possession of nar- cotics a crime; and (3) 26 U.S.C.A. § 2553 (a) which proscribes, inter alia, the purchase, sale, etc., of certain narcotics in other than the original stamped package.

2. Tr. pp. 269–270.

judge stated that while he had been advised by the Government that "the transcribed record * * * is susceptible to the interpretation' that defense counsel was not given an opportunity to note his exceptions to the Court's charge in full," he did not agree that that was the case.[3] Nevertheless, he offered "to give counsel a fuller opportunity to make any additions to any exceptions that he wished to note or, now wishes to note, and this can be sent up as a supplemental record * * *."[4] This opportunity was refused by appellant's counsel, who took the position that since an appeal had been filed in this court, the trial court was without jurisdiction and the supplemental proceeding designed to "correct the record" was a nullity.

We do not dispute the Government's contention that a supplemental proceeding in the District Court, either before or after an appeal has been noted, is authorized by the Federal Rules where the transcript of record contains "misstatements" or omissions "by error or accident".[5] Such a proceeding would obviously be proper if, for example, the court stenographer had recorded some part of the proceeding below incorrectly or had accidentally omitted something. But it is necessary to keep in mind that correction of the record may be made only with regard to " 'what occurred in the district court' ".[6] Nothing in the rules authorizes the trial court to use a supplemental proceeding under Rule 75(h), Fed.Rules Civ.Proc. 28 U.S.C.A.,[7] as a means of supplying a record which was never made. There was no omission in the transcript here of anything which actually transpired below; instead, there was a denial of the opportunity to make a record on the point in issue. At no time, either in briefs, oral argument or in the supplemental proceeding has anyone pointed out any pertinent matter that was "misstated" or "omitted * * * by error or accident." It was for such a limited correction of the record that the rules were intended.

We hold that the action of the trial court, in denying appellant the opportunity fully to state the basis of his objection to the court's charge before the jury left the room, is not the sort of error the correction of which is contemplated by the rules. On the contrary, it constitutes,

---

3. Transcript of supplemental proceedings, p. 2.

4. Ibid.

5. Rule 39 (a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides in pertinent part as follows:

   "The supervision and control of the proceedings on appeal shall be in the appellate court from the time the notice of appeal is filed with its clerk, except as otherwise provided in these rules * * *."

   39 (b) (1) of the same rules provides:

   "The rules and practice governing the *preparation and form* of the record on appeal in civil actions shall apply to the record on appeal in all criminal proceedings, except as otherwise provided in these rules." [Italics supplied.]

   This incorporates by reference the practice provided for in Rule 75 (h) of the Federal Rules of Civil Procedure. That rule is entitled "Power of Court to Correct or Modify Record" and provides in pertinent part:

   " * * * If anything material to either party is omitted from the record on appeal by error or accident or is mis-

stated therein, * * * the district court, either before or after the record is transmitted to the appellate court * * * may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the district court. All other questions as to the content and form of the record shall be presented to the court of appeals."

   A transcript of the proceedings below was certified and made part of the record on appeal.

6. Kennedy v. United States, 9 Cir., 1940, 115 F.2d 624, 625; Dempsey v. Guaranty Trust Co. of N. Y., 7 Cir., 1942, 131 F.2d 103, 104; Heath v. Helmick, 9 Cir., 1949, 173 F.2d 156, 157. See also Notes of Advisory Committee on Amendments to Rules [of Civil Procedure], Note 1, subdiv. (h) ("the district court has no power to add to or subtract from the designated record, except insofar as it may be necessary to correct omissions or misstatements. * * *.")

7. See note 5 supra.

error affecting a defendant's substantial right to a fair trial and requires remanding the case for a new trial. Any other conclusion would result in our upholding a proceeding which suffers from the same infirmity present in Billeci. It was noted in that case and is equally applicable here that retrospective description of matters so peculiarly ephemeral as a trial judge's "gesticulations or facial expression" furnishes a much less reliable basis for review than does a contemporaneous description. Similarly, the opportunity to cure, by means of precautionary instructions, whatever possible detrimental effect the judge's actions may have had upon the jury would be lost if the procedure adopted below were permitted.

In view of our disposition of the case, we do not deem it necessary to consider appellant's other objections to certain conduct of the trial court. With regard to the substantive questions raised by appellant, we find them without merit.

Reversed and remanded for new trial.