### UNITED STATES v. GOGGIN.

#### No. 12578.

United States Court of Appeals
Ninth Circuit.

Feb. 12, 1951.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Fred E. Youngman, Louise Foster, Sp. Assts. to Atty. Gen., Ernest A. Tolin, U.S. Atty., E. H. Mitchell, Edward R. McHale, Assts., and Eugene Harpole, Sp. Atty., B.I.R., Los Angeles, Cal., for appellant.

Bates S. Himes, Los Angeles, Cal., Roy D. Reese, San Francisco, Cal., for appellee.

Before HEALY, Circuit Judge, and FEE and GOODMAN, District Judges.

PER CURIAM.

The government stipulated all the facts of this case in writing with the Trustee, who is appellee here. The Referee made findings which included the facts so established and no others. His order, based upon these findings of fact, concluded the major issues of law in favor of the government. However, there was a holding on the stipulated fact that the government was not entitled to interest on the tax claim after the date of adjudication. Upon a review

of the order, the District Court held, based upon the same stipulated facts, that this interest was not recoverable, citing City of New York v. Saper, Trustee, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710.

A motion has been made here by appellant to bring in certain documents claimed to have been part of the record in the bankruptcy case, which were not urged before the Referee, not referred to in the stipulation or the findings of fact or the Referee's certificate upon review. The District Court did not have these documents before it when it affirmed the order of the Referee. The motion is denied. Heath v. Helmick, 9 Cir., 173 F.2d 156. See Speer v. Rural Special School District No. 50, 8 Cir., 100 F.2d 202, 206.

Based upon the original stipulation, as interpreted by the District Court, United States v. Sampsell, 9 Cir., 153 F.2d 731, is not applicable here. The order denying interest to the government after adjudication is therefore affirmed.