## WASHINGTON v. UNITED STATES et al.
### No. 2201.

United States District Court
W. D. Kentucky, Louisville Division.
May 12, 1953.

Henry T. Merritt, Louisville, Ky., for plaintiff.

Charles F. Wood, Asst. U. S. Atty., Louisville, Ky., for the United States.

Allen P. Dodd, Jr., Louisville, Ky., for defendant Clara Washington.

SWINFORD, District Judge.

This case was tried in September of 1952. It is now before the Court of Appeals for the Sixth Circuit.

The plaintiff in this case, Marietta Washington, now moves the court to be permitted to supplement the record in the Court of Appeals by adding a document designated as a "copy of WD, AGO Form 29". The motion states that this document was "produced by the plaintiff during her testimony and examined by this court but not filed as part of the evidence hereof".

The plaintiff contends that she is entitled to have her motion sustained by reason of the provisions of Rule 75(h) RCP, 28 U.S.C.A. The pertinent part of the rule is quoted as follows:

"If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the appellate court, or the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the district court. All other questions as to the content and form of the record shall be presented to the court of appeals. (As amended.)"

I am of the opinion that this rule cannot be invoked to give the plaintiff the relief she seeks and that this court is without authority to add to the record, by reason of this rule or any other provision of the rules or statutes, evidence, documentary or otherwise, that was not introduced and made a part of the record at the time of the trial of the case. It is not the purpose of the rule to add new evidence to the record

of a case on appeal but to add to the record on appeal such evidence as was properly before the district court at the time the case was decided and which for some reason was omitted from the record when the case was appealed.

Any other construction of this rule would not only add confusion but do grave injustice. In the instant case the document was never offered in evidence. The court now has no recollection of what occurred at the trial and can be guided only by the record as made at that time. It may be that there were legal objections to the document but since it was not offered in evidence no objections were made and therefore could not have been heard. It may be that had the document been offered in evidence and admitted, either with or without objection on the part of the defendant, that the defendant would have had evidence to rebut the inferences which might be drawn from its introduction.

To now admit new evidence is to grant the plaintiff an additional day in court with no opportunity for the defendant to meet the new evidence. This view seems not only to be substantiated on reason and principle but in all instances which my research reveals it has been sustained by the courts and text writers when the question has arisen. Heath v. Helmick, 9 Cir., 173 F.2d 156; Butler v. United States, 88 U.S.App.D.C. 140, 188 F.2d 24; United States v. Goggin, 9 Cir., 187 F.2d 530, 531. See also Ohlinger's Federal Practice (Revised Edition), Vol. 3A, Page 668, in which the text writer and annotator discusses the power of the court to correct the record under this rule. In the same volume on Page 650 in a note to Subdivision (h) as amended it is said:

> "The last sentence operates to define exactly the limits of the district court's power under the subdivision. Thus the district court has no power to add to or subtract from the designated record, except insofar as it may be necessary to correct omissions or misstatements or comply with the added provisions of subdivisions (m) and (n)." (Citing cases.)

This matter appears to be one which addresses itself entirely to the appellate court in determining whether or not the evidence offered to be furnished is of such material value to the plaintiff's case that a new trial is justified. In determining this however it is pointed out that the evidence is not newly discovered. According to the statement of the plaintiff it was available there in court at the time of the trial. If the plaintiff failed to make it a part of the record through oversight and such neglect, if any, was excusable, the court before which the case is now pending might grant relief by way of a new trial.

In my judgment, however, the district court is without jurisdiction to sustain the motion. An order overruling the motion is this day entered.