**COCA COLA BOTTLING WORKS, Inc., Appellant,**

**v.**

**James R. HUNTER, Appellee.**

**No. 12221.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 12, 1955.

Decided Feb. 17, 1955.

Petition for Rehearing Denied March 15, 1955.

Mr. Frank F. Roberson, Washington, D. C., with whom Messrs. Hugh Lynch, Jr., and Charles E. Channing, Jr., Washington, D. C., were on the brief, for appellant.

Mr. James H. McGlothlin, Washington, D. C., with whom Mr. Hugh B. Cox, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and BAZELON, Circuit Judges.

Mr. Cornelius H. Doherty, Washington, D. C., for appellant.

Mr. Albert E. Brault, Washington, D. C., with whom Mr. Denver H. Graham, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment in favor of appellee (plaintiff) in a suit for damages for injuries sustained by reason of the alleged negligence of appellant (defendant).

Defendant urges that the trial court was in error in failing to direct entry of judgment for the defendant on the ground that plaintiff failed to prove any negligence on the part of defendant; in error in refusing to declare the judgment excessive; in error in its instruction to the jury in refusing to instruct on contributory negligence; further, that the defendant was prejudiced by various acts of the trial judge; and that the trial court erred in its admission and exclusion of certain evidence prejudicial to the defendant.

■ The testimony of plaintiff and his witness Deisroth was a sufficient showing of negligence to take the case to the jury. If the jury believed, as it apparently did, that the plaintiff's condition after the injury was due to the injury itself, the verdict is not excessive. Further, ordinarily an appellate federal court will not review the action of a trial court in granting or denying a motion for new trial on the ground of inadequacy or excessiveness of verdict.[1]

There was no evidence in the case justifying an instruction on contributory negligence, and we find no substantial error in the court's charge.

■ Defendant claims that the inflection of the trial court's voice and the looks that followed the statements of the court on his various rulings could not be reproduced in the record but that they injuriously affected defendant. We have held, in Billeci v. United States, 87 U.S.App.D.C. 274, 184 F.2d 394, 24 A.L.R.2d 881, and in Butler v. United States, 88 U.S.App.D.C. 140, 188 F.2d 24, that, if the intonations and gestures of a trial judge are erroneously detrimental, counsel has the duty at the time to fully and accurately record what transpired. This was not done.

■ We do not believe that the exclusion of the evidence offered by defendant to the effect that it made no repairs to the machine in question affected the substantial rights of defendant in view of the fact that the trial court made it clear that the evidence admitted concerning servicing of the machine was for the sole purpose of showing that the machine was maintained by the defendant (i. e., to negative evidence that any one else was responsible for the machine).

Exclusion of testimony as to delay in notifying defendant of the injury and making claim for damages did not operate to the prejudice of defendant to such an extent as to justify reversal.

Affirmed.

1. Washington Times Co. v. Bonner, 66 App.D.C. 280, 86 F.2d 836, 110 A.L.R. 393; Frasca v. Howell, 87 U.S.App.D.C. 52, 182 F.2d 703; Fairmont Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439.