William EDWARDS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13743.

United States Court of Appeals
Sixth Circuit.

April 24, 1959.

---

William Edwards, in pro. per.

Fred W. Kaess, U. S. Atty., George E. Woods and Robert E. DeMascio, Asst. U. S. Attys., Detroit, Mich., for appellee.

Before MARIS and MILLER, Circuit Judges, and MATHES, District Judge.

MATHES, District Judge.

This appeal is from a judgment entered upon verdict of the jury convicting appellant of two separate offenses of armed bank robbery in violation of 18 U.S.C. § 2113(d). Although the record discloses that he appeared with and was represented by retained counsel of his choice at all stages of the proceedings

in the District Court up to and including the filing of "Notice of Claim of Appeal", appellant has elected to prosecute his appeal *in propria persona*.

The first ground advanced for reversal is that: "The Court was without jurisdiction to try the cause because (a) appellant was not indicted by Grand Jury as required by the Fifth Amendment of the Constitution, nor, (b) did appellant waive indictment as required by and in compliance with Rule 7(b) of the Federal Rules of Criminal Procedure [18 U.S.C.]".

Pointing to the fact that he was prosecuted by information, appellant urges that "Rule 7(b) clearly requires that: (1) appellant be advised of the charge before he may waive, (2) appellant be advised of his rights to indictment before he may waive, (3) appellant must then waive in open court", and asserts that in the case at bar all three requirements of Rule 7(b) were "ignored".

But the record before us shows beyond dispute that at the time of the waiver appellant appeared with his counsel, was advised by the District Judge of the two charges against him, of his constitutional right to be proceeded against by indictment, and of his privilege to waive indictment and consent to prosecution by information. Confronted by the reporter's transcript of the proceedings upon arraignment, appellant's reply is that this record is "a falsification of what actually occurred".

■■ The transcript, as certified by the official reporter, is not to be impugned in this Court by such a sweeping charge. Belt v. Holton, 1952, 90 U.S.App.D.C. 148, 197 F.2d 579. The record is presumptively correct [see Butler v. United States, 1951, 88 U.S.App.D.C. 140, 188 F.2d 24; Thomas v. Hunter, 10 Cir., 1946, 153 F.2d 834], and there appears no reason to doubt that appellant's waiver of indictment was voluntarily and understandingly made, as the District Court found, in accordance with the requirements of Rule 7(b). See: Kossin v. United States, 6 Cir., 1956, 235 F.2d 188; United States v. Jones, 7 Cir., 1949, 177 F.2d 476; Barkman v. Sanford, 5 Cir., 1947, 162 F.2d 592.

Appellant next contends that it was prejudicial error to permit one of the witnesses for the prosecution to testify as to conversations and conduct of an incriminating nature and not wholly relevant, involving appellant and the witness, and occurring subsequent to the robbery charged in count one and prior to the robbery charged in count two. Yet the testimony was received without objection from appellant's counsel, it appearing to have been defense strategy to attempt to raise in the minds of the jurors doubt as to whether it might not have been the prosecution witness himself, rather than appellant, who in fact committed the robberies charged.

■■ We are asked nonetheless to consider the admission of this incriminatory testimony to be "plain error" within Rule 52(b) of the Federal Rules of Criminal Procedure, because "inflammatory and highly prejudicial to the fundamental rights of the appellant". There is no warrant of course for relieving the accused of the consequences of what appears to have been a planned defense stratagem, by the device of condemning as "clear error" of the trial court a seemingly calculated risk of defense counsel which happened not to achieve the intended result with the jury.

As Judge Maris observed for the Court in United States v. Bertone, 3 Cir., 1957, 249 F.2d 156: "The defendant was represented at the trial by counsel of his choice and is bound by his decisions as to trial strategy". 249 F.2d at page 160.

■ Appellant's final point is that: "The verdict of the jury was against the weight of the evidence". The prosecution's case, briefly put, consisted in presenting one witness who testified that she saw and identified appellant as the person who committed each of the two robberies charged, while other witnesses testified to circumstances in corroboration. The defense consisted of appel-

lant's denial and a claimed alibi. Such evidence was clearly sufficient to take to the jury a case that became, once appellant took the stand, essentially an issue of credibility. Cf. Kowalchuk v. United States, 6 Cir., 1949, 176 F.2d 873; see United States v. Dudley, 2 Cir., 1958, 260 F.2d 439, 440.

 Since "guilt has been found by a jury according to the procedure and standards appropriate for criminal trials in the federal courts" [Bollenbach v. United States, 1946, 326 U.S. 607, 614, 66 S.Ct. 402, 406, 90 L.Ed. 350], the judgment of the District Court is affirmed.