**The SEAGRAVE CORPORATION, formerly known as Seakoff Corp., Plaintiff-Appellant,**

**v.**

**VISTA RESOURCES, INC., formerly known as The Seagrave Corporation, Eastern Vista Corp., formerly known as Armour Glass East Corp., Western Vista Corp., formerly known as Flour City Architectural Metals Corporation, Arnold A. Saltzman, Carl J. Simon and Herbert J. Kirshner, Defendants-Appellees.**

**No. 62, Docket 82–7238.**

United States Court of Appeals, Second Circuit.

Finally Submitted June 7, 1983.

Decided July 1, 1983.

---

Michael C. Silberberg, Goldenbock & Barell, New York City, submitted motion for plaintiff-appellant.

Milton S. Gould, Shea & Gould, New York City, submitted cross-motion for defendants-appellees Saltzman, Simon and Kirshner.

Before LUMBARD, MESKILL and CARDAMONE, Circuit Judges.

PER CURIAM:

The motion to clarify the order of this Court dated December 27, 1982 and reported at 696 F.2d 227 is granted. The cross-motion for final relief by this Court is also granted.

In our previous opinion we remanded this case to the United States District Court for the Southern District of New York (Sweet, J.) which had dismissed the complaint without having the benefit of our decision in *Golden v. Garafalo,* 678 F.2d 1139 (2d Cir. 1982). The purpose of the remand was to afford the district court an opportunity to make a determination as to whether or not the instruments involved possessed the common characteristics of stock so as to make the transaction in question subject to the federal securities laws. On remand, the district court, in a decision dated May 5, 1983, held that the instruments possessed the attributes of stock and that the transaction involved securities within the meaning of the federal securities law. The question of whether the promissory note possessed these common characteristics was not reached in light of the holding regarding the stock.

This Court had retained jurisdiction of the case pending resolution of the remanded issue. With that issue now determined, the order dismissing the complaint is reversed and the case is remanded for trial. By this action we terminate the jurisdiction we had previously retained.