Helaine SCHREIER, Plaintiff–Appellant,

v.

WEIGHT WATCHERS NORTHEAST REGION, INC., Defendant–Appellee.

No. CV 94–9030.

United States District Court,
E.D. New York.

Dec. 31, 1994.

Helaine Schreier, pro se.

Vedder, Price, Kaufman, Kammholz & Day by Michael J. Crisafulli, New York City, for defendant.

## *MEMORANDUM DECISION AND ORDER*

SPATT, District Judge.

Helaine Schreier, the plaintiff-appellant *pro se,* moves the Court for an Order pursuant to Fed.R.App.P. 10(e) to add documents, which were not introduced into evidence dur-ing her jury trial before this Court, to her record on appeal. She also requests the following relief from the Court: 1) that the Court subpoena the phone records of two witnesses who testified at the trial; 2) that the Court accept sworn statements from two additional witnesses; and 3) that the defendant be directed to present a document when referring to a document, although she does not indicate when ... during appellate argument or during this motion or some other time.

This memorandum decision follows an oral decision, which was rendered from the bench at oral argument on December 9, 1994.

## *BACKGROUND*

In this employment discrimination action, on May 31, 1994 following a 10 day trial, the jury returned a verdict in favor of the defendant employer, Weight Watchers Northeast Region, Inc. ("Weight Watchers"). Following the trial, the plaintiff, then represented by counsel, made a motion for a new trial pursuant to Fed.R.Civ.P. 59(a), alleging that the jury's verdict contradicted the weight of the evidence and that the testimony of Maryann Povodnich was perjured as well as prejudicial because of surprise to the plaintiff.

The motion for a new trial was denied by an Order of this Court dated September 26, 1994, the Court finding that there was sufficient evidence introduced at trial from which a reasonable jury could find that the plaintiff was not qualified for her work. The Court also found that there was no bad faith by the defendant or unfair prejudice to the plaintiff with regard to the testimony of Maryann Povodnich. The Court further noted that the allegation of perjury on the part of Maryann Povodnich was unsupported.

The plaintiff, proceeding *pro se,* filed an appeal from that denial on October 17, 1994 with the United States Court of Appeals for the Second Circuit. The plaintiff-appellant requested and was granted an adjournment of the date by which she must file her appeal brief until December 28, 1994 to allow this Court to render a decision on the present motion.

## DISCUSSION

█ Fed.R.App.P. 10(e) provides:

If any difference arises as to *whether the record truly discloses what occurred in the district court,* the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is *omitted from the record by error or accident or is misstated therein,* the parties by stipulation, or the district court either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that the supplemental record be certified and transmitted.... (emphasis supplied).

The purpose of this rule is to correct omissions from—or misstatements in—the record on appeal, not to introduce new evidence in the court of appeals. *See, e.g., S. & E. Shipping Corp. v. Chesapeake & Ohio Ry. Co.,* 678 F.2d 636 (6th Cir.1982); *Heath v. Helmick,* 173 F.2d 156 (9th Cir.1949) (stating that Rule 10(e) does not contemplate the introduction of new evidence, even by stipulation). The Court may deny a motion where the proposed documents include unsubstantiated allegations of fact contained therein, which have not been the subject of any adversary proceeding below. *In Re Eastern Freight Ways, Inc.,* 453 F.Supp. 934, 941 (S.D.N.Y.1977), *modified on other grounds,* 577 F.2d 175 (2d Cir.1978).

█ Because the plaintiff is proceeding without an attorney, the Court must give wide latitude to the papers filed by the *pro se* litigant. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (*pro se* papers are to be held "to less stringent standards than formal pleadings drafted by lawyers"). The Court recognizes that it must make reasonable allowances so that a *pro se* plaintiff does not forfeit her rights by virtue of her lack of legal training. *Seagrave Corp. v. Vista Resources, Inc.,* 710 F.2d 95 (2d Cir.1983), *cert. dismissed,* 468 U.S. 1226, 105 S.Ct. 23, 82 L.Ed.2d 919 (1984). But the Court is also aware that " 'self representation does not exempt a party from compliance with relevant rules of procedural and substantive law.' " *Id.* (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981)).

It is within this framework that the Court addresses the present motion under Fed. R.App.P. 10(e).

*Additional documents*

Ms. Schreier describes her trial counsel as "ineffective" and reasons that because of this many documents that should have been introduced into evidence at her trial were not. The plaintiff-appellant contends that these documents would have revealed a disparity between deposition testimony and trial testimony of various witnesses. Annexed to Ms. Schreier's moving papers dated November 18, 1994, is a list of 41 categories of documents, each containing one or more documents that she seeks to add to the record for purposes of appeal. That list was enlarged on November 21, 1994 and again on December 1, 1994. The plaintiff-appellant does not distinguish in her papers between documents that have already been introduced into evidence and those that have not. She states that she does not have a list of the documents that were put into evidence, and she does not supply the Court with a copy of the trial transcript for purposes of determining this motion.

The defendant has apparently compared the evidence list to the list set forth in this motion and does not object to adding the following documents, which were admitted into evidence, if they are not already part of the record: P–3; P–37; P–87; P–89; P–112; P–113; P–179; D–29. In the absence of the trial transcript it is not possible to identify these exhibits other than the number identification listed by the defendant. With the defendant's consent, the Court will add those documents to the record if they are not already part of the record.

The plaintiff seeks to add the full deposition transcripts of certain witnesses, namely Jerry Redden, Penny Kamber, Leslie Bellissimo, Toby Mazur. The complete videotapes of these depositions are filed with the Court, but only certain portions were read into the trial record. It has been held that neither the district court nor the court of appeals

may properly augment the record on appeal "with deposition transcripts that were not on the record before it at the time its final decision was rendered." *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1165 (3d Cir. 1986), *cert. denied,* 481 U.S. 1070, 107 S.Ct. 2463, 95 L.Ed.2d 872 (1987).

 Only where the parties dispute the accuracy of certain portions of the record should the district court address the issue of what is included in the record on appeal. *See Treasure Imports v. Henry Amdur & Sons,* 127 F.2d 3 (2d Cir.1942); *In Re W.T. Grant,* 432 F.Supp. 105, 107 (S.D.N.Y.), *aff'd,* 559 F.2d 1206 (2d Cir.1977). The Court notes that these cases are aged cases, because matters like this do not often arise. In this case, the matter before the Court is not a disagreement as to the accuracy of the record of the trial. Ms. Schreier's request cannot be read as one to supplement a record that is incomplete because of error or omission. Rather it is a motion to alter or add to the evidence in a closed case.

For example, Ms. Schreier proposes that she be permitted to supplement the record with affidavits from her friends and acquaintances that allegedly will refute the testimony offered at trial that she stood on a chair at a meeting. The testimony of these new witnesses or affidavits will allegedly establish that Ms. Schreier fears heights and would never have stood on a chair. She also proposes calling two more witnesses to swear to an alleged friendship between Toby Mazur and Maryann Povodnich, which she claims will establish that Ms. Povodnich committed perjury.

While Rule 10(e) enables district courts only to *correct* records for appeal, courts of appeals have authority to *supplement* a record on appeal. However, the Court of Appeals for the Second Circuit has expressed reluctance to supplement a record on appeal. *Wyler v. United States,* 725 F.2d 156 (2d Cir.1983) (matters not part of the district court record before us would not ordinarily be entitled to review); *I.B.M. Corp. v. Edelstein,* 526 F.2d 37 (2d Cir.1975) (absent extraordinary circumstances, federal appellate courts will not consider evidence that is not part of the trial record); *Bersch v. Drexel*

*Firestone, Inc.,* 519 F.2d 974, 998 n. 55 (2d Cir.), *cert. denied,* 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1975) (papers not called to the attention of the district court at trial are not properly before the appeals court); *Republic Gear Co. v. Borg–Warner Corp.,* 381 F.2d 551, 557 n. 5 (2d Cir.1967) (an exhibit that was not before the district court judge is not part of the appellate record); *Dictograph Products v. Sonotone Corp.,* 231 F.2d 867 (2d Cir.), *cert. dismissed,* 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82 (1956) (depositions or other evidence that were not filed in the district court proceeding may not be considered on appeal); *see also, Salinger v. Random House, Inc.,* 818 F.2d 252 (2d Cir.), *cert. denied,* 484 U.S. 890, 108 S.Ct. 213, 98 L.Ed.2d 177 (1987) (in which the Court *did* supplement the district court record, but only to the extent of adding the district judge's marked copy of a trial exhibit in order to clarify his decisionmaking process).

 It is clear that in this case the Court should not supplement the trial record with evidence not introduced at the trial and not considered by the jury. Further, it is all the more certain that documents that the Court refused to admit into evidence at the trial may not be made part of the record at this time. Such documents can be part of the appeal process on the ground that it was error to exclude them. That is part of the appellate process.

Weight Watchers alleges, and Ms. Schreier does not refute in her papers, that the following items listed by the plaintiff were specifically excluded by the Court during the trial:

1) documents relating to the employment and termination of Ronnie Amster, Lauren Cohen, Shirley Rivchun and Jean Settle;

2) documents relating to a 1992 reduction in force after the plaintiff's resignation; and

3) the plaintiff's handwritten summary of increases in goals between 1989 and 1990, which allegedly contain incorrect figures.

The Court finds that the plaintiff-appellant has not shown that the documents she seeks to have added to the record are necessary to

make the record conform to the proceedings in this Court at trial.

*Subpoenaed phone records of nonparty trial witnesses*

■ The plaintiff-appellant also asks the Court to subpoena telephone records of Maryann Povodnich and Toby Mazur in an attempt to establish that these persons converse by phone and are, therefore, friends. Ms. Schreier seeks to prove that the testimony of Maryann Povodnich was perjured in that she stated that she is not a personal friend of Toby Mazur. Ms. Schreier does not suggest any legal basis for this extraordinary request.

Fed.R.Civ.P. 27(b) provides for *depositions* to be taken pending appeal for the purpose of perpetuating testimony for use in the event of future district court proceedings. However, the documents requested by Ms. Schreier and their proposed purpose do not come within the ambit of this rule.

This Court did extend to the plaintiff-appellant an opportunity during the trial to depose Ms. Povodnich, who was not disclosed as a witness before trial. The plaintiff declined to take that opportunity. Ms. Schreier's complaint that she is entitled to her "Day in Court" is, in this Court's view inappropriate, because she has had a full and fair opportunity to be heard, which cannot be renewed by a motion pursuant to Fed.R.App.P. 10(e). The only post verdict "Day in Court" to which she is now entitled is before the United States Court of Appeals for the Second Circuit.

■ Ms. Schreier's arguments reveal that she may be confusing the appeal process with an opportunity to relitigate the issues tried in the district court, bolstered by the introduction of new, but not newly discovered, evidence. The Second Circuit has explained that the record should be comprised of only that which was before the district court, "for this court has no jurisdiction save to correct errors and it cannot be an error to ignore evidence never presented to the court." *Dictograph Products,* 231 F.2d at 867.

In essence, Ms. Schreier is seeking the new trial that was fully considered and denied by this Court via another avenue ... supplementing the record with additional documents, not introduced at trial, to support the arguments she made at trial. This she cannot do.

*Ineffective assistance of counsel*

■ The plaintiff-appellant's allegations that she was ineffectively assisted by counsel do not support a motion for a new trial in a civil matter. *See Williams v. City of Newburgh,* 830 F.Supp. 770, 773 (S.D.N.Y.1993). Nor is there any authority for the proposition that documents not introduced at trial should be made part of a record on appeal where the appellant alleges ineffective assistance of counsel. The Court finds Ms. Schreier's allegations of ineffective representation fail to justify the relief she seeks.

In addition, the Court notes that in its view the plaintiff-appellant was afforded competent and effective assistance of counsel at this trial. Ms. Schreier's counsel was clearly competent and fully performed her duties in a most commendable manner.

*Presentation of record on appeal*

■ Ms. Schreier requests that the Court direct the defendant-appellee "when referring to a document, [to] present that document because of the mess I have here." This request makes reference to disorganized documents in the plaintiff-appellant's possession. The request is not entirely clear. The Court can, however, respond by noting that is primarily an appellant's burden to provide the court of appeals with the portion of the record on which the appeal is based. *See* Fed.R.App.P. 10–12. The Court declines to direct the defendant-appellee to fulfill any of the plaintiff-appellant's duties regarding presentation of the necessary papers to the Second Circuit.

### CONCLUSION

For the foregoing reasons, the plaintiff's motion to supplement the record of her trial with documents not admitted into evidence at the trial, for purposes of review by the United States Court of Appeals for the Second Circuit, is denied.

**SO ORDERED.**