**Sylvia ROBINSON et al., Plaintiffs,**

v.

**SANCTUARY RECORD GROUPS, LTD. and Sanctuary Copyrights, Ltd., Defendants.**

**No. 03 CV 10235(VM).**

United States District Court, S.D. New York.

Nov. 20, 2008.

James P. Cinque, Cinque & Cinque, Oren J. Warshavsky, Baker & Hostetler LLP, New York City, NY, for Plaintiffs.

Helene Marian Freeman, Dorsey & Whitney LLP, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

This matter comes before the Court upon an order from the United States Court of Appeals for the Second Circuit transferring a motion for modification of the record pursuant to Fed. R.App. P. 10(e) ("Rule 10(e)") and requesting this Court to consider the motion in the first instance. For the reasons stated below, the motion is denied.

## I. BACKGROUND

Plaintiffs Sylvia Robinson, Sylvia, Inc., Joseph Robinson, Jr., Henry Jackson, Jr., Michael Wright, George Kerr, Wesaline Music, Jonathan Williams, Clifton Chase, and Edward Fletcher (collectively, "Plaintiffs") are individuals and entities associated with various well-known musical groups, including "The Sugar Hill Gang," "Grand Master Flash," "The Wall Street Mob," "The Furious Five," and "Grand Master Melle Mel." Defendants Sanctuary Records Group, Ltd. and Sanctuary Copyrights, Ltd. (collectively, "Defendants") are record companies. Following an entry of default judgment against Defendants, the Court (per Judge Richard Owen) referred the matter to Magistrate Judge Gabriel W. Gorenstein for a determination as to damages. On March 30, 2006, Magistrate Judge Gorenstein issued a Report and Recommendation (the "Report") concluding that Plaintiffs should not be awarded any damages. After receiving Plaintiffs' objections to the Report, Judge Owen held a bench trial from May 29, 2007 through June 1, 2007 on the sole issue of damages. This Court issued a Decision and Order dated March 24, 2008, finding that at trial Plaintiffs had not met their burden of proving reasonable damages, and thus denying Plaintiffs any award of damages. Defendants appealed the judgment, and all of the Plaintiffs cross-appealed.

Before the Court of Appeals, Plaintiffs moved for correction or modification of the record pursuant to Rule 10(e), seeking to "includ[e] plaintiffs' declarations submitted to Judge Owen and served upon opposing counsel ten days before the scheduled non-jury trial." (Plaintiffs' Memorandum of Law in Support of Motion to Correct or Modify the Record ("Pl. Mem."), Exhibit A, at 1.)

The cover letter accompanying the declarations ("the Declarations") in question indicates that the documents were hand-delivered to Judge Owen's chambers on March 19, 2007, and that hand delivery was simultaneously made to Defendants' counsel. The cover letter describes the Declarations as "listing the master recordings [the Plaintiffs] either produced or re-

corded pursuant to the terms of the rescinded agreements." *Id.*

## II. DISCUSSION

Rule 10(e)(2) of the Federal Rules of Appellate Practice provides, in relevant part, "If anything material to either party is omitted or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded...." The movant in a Rule 10(e) motion "must demonstrate that the evidence to be supplemented was before the lower court in the course of its proceedings leading to the judgment under review and was mistakenly omitted from the record." *Miro v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 01 CV 5196, 2002 WL 31357702, at *1 (S.D.N.Y. Oct. 17, 2002). The rule's purpose "is to correct omissions from—or misstatements in—the record on appeal, not to introduce new evidence in the court of appeals." *Schreier v. Weight Watchers Ne. Region, Inc.*, 872 F.Supp. 1, 3 (E.D.N.Y.1994). Documents that were submitted to chambers and opposing counsel, but never docketed, are thus considered never actually filed in the district court proceeding, and should not be considered on appeal. *See Miro*, 2002 WL 31357702, at *1. Documents that were not part of the official record when the district court made the ruling under review "may not now become part of the record on appeal." *Id.*, at *2.

The Declarations were never part of the record before the district court. The Declarations were apparently delivered to Judge Owen's chambers on March 19, 2007. The trial on the issue of damages began on March 29, 2007. However, there is nothing on the record to indicate that Judge Owen gave any consideration to this material in connection with his adjudication of the case. Nor is there at this late stage of the proceeding, with Judge Owen no longer involved in the action, a practical and satisfactory way to ascertain whether the Declarations weighed in any way in Judge Owen's determinations. Moreover, because the Declarations were not known to or brought before this Court following the reassignment of the case from Judge Owen, they played no role in any consideration or ruling by this Court in this action.

Plaintiffs explain in their motion papers, "As the trial was scheduled to take place ten days later, the papers were submitted directly to Judge Owen and apparently never made their way back into the Court file and therefore were not included in the docket sheet." (Pl. Mem., at 2.) This explanation is unsatisfactory. Declarations generally become part of the record if they are attached to or filed in support of a motion, or if they are entered into evidence at trial. In any case, it was Plaintiffs' responsibility to file any documents that were to be part of the record with the Clerk of Court. An "informal submission ... of unfiled motion papers directly to chambers in no way constitutes an acceptable substitute for filing with the Clerk of Court." *Id.*, at *2.

This Court does not allow parties who inadvertently neglected to file documents before the district court to add those documents to the record on appeal. *See id.*, 2002 WL 31357702 (supplemental affidavit faxed to chambers but not filed with the clerk could not be added to record on appeal); *Levin v. Gallery 63 Antiques Corp.*, No. 04 CV 1504, 2007 WL 1288641 (S.D.N.Y. Apr. 30, 2007) (deposition testimony, portions of which supported plaintiffs' argument, could not be added to record on appeal when plaintiffs had failed to append any portion of the testimony to their motion papers). The Declarations therefore should not become part of the record on appeal.

## III.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 100) of plaintiffs Sylvia Robinson, Sylvia, Inc., Joseph Robinson, Jr., Henry Jackson, Jr., Michael Wright, George Kerr, Wesaline Music, Jonathan Williams, Clifton Chase, and Edward Fletcher to correct or modify the record pursuant to Fed. R.App.P. 10(e) is **DENIED.**

**SO ORDERED.**