NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0626n.06

No.  11-5510

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jul 02, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| LARRY COFFELT, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | | OPINION |

Before:  COOK, WHITE, and DONALD, Circuit Judges.

**Bernice B.  Donald, Circuit Judge.**  Larry Coffelt violated the conditions of his supervised release that were imposed as part of a prior drug-related sentence.  For violating his supervised release, the district court sentenced Coffelt to a term of thirty months, in an effort to allow him to participate in the Bureau of Prisons' 500-hour Residential Drug Abuse Program, rather than a term within the Guidelines range of eight to fourteen months.  Coffelt timely appealed, arguing that *Tapia v. United States*, 131 S. Ct. 2382 (2011), applies to sentencing on revocation of release.  The government argues that the invited error doctrine applies and thus we should not reach the merits of Coffelt's appeal.  We disagree.  The case before us concerns a district court's decision on a substantive legal question that was settled in the government's favor at the time the trial court acted, thus at that time foreclosing the possibility that any error could have been "plain."  However, after

the case was final, but prior to the time of direct appellate review, the question was settled in

Coffelt's favor, *subsequently* making the trial court's error "plain." As long as the error is plain at

the time of appellate review, the error is "plain" within the meaning of the Rule; and we "may. . .

conside[r]" the error "even though it was not brought to the [trial] court's attention." Fed. R. Crim.

P. 52(b); *see Johnson v. United States*, 520 U.S. 461, 67–68 (1997). We, therefore, **REVERSE**.

## I.

In 2003, Larry Coffelt was sentenced to a term of 89 months in prison, followed by four years

of supervised release, after he pleaded guilty to a charge of conspiracy to manufacture and distribute

methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). On April 20, 2011, a

revocation hearing was held and Coffelt's counsel advised the district court that Coffelt admitted to

testing positive for controlled substances, failing to report to the probation officer, and failing to

participate in a court-ordered substance-abuse testing and treatment program. The district court and

Coffelt's counsel discussed Coffelt's substance-abuse problems and their impact on his inability to

hold a job. Coffelt told his counsel, "I need inpatient treatment desperately, because I don't want

to be fighting [drug addiction] when I come back out [of prison]."

Coffelt's counsel informed him that "24 months [of imprisonment] was about the minimum

that could get him the [500-hour treatment] program that he needed." According to his counsel,

"[Coffelt] . . . was willing to take [24 months] if the Court would be willing to do that for him." At

this point in the revocation hearing, the district court gave the government the opportunity to object

and ask for a downward departure, but the government declined to do so.

Although Coffelt's applicable Guidelines range was eight to fourteen months, the district

court found that this was "not enough time to get the 500-hour [treatment] program." The district

court stated: "in setting the sentence here I'm going to consider those [applicable Guidelines] but I'm

also considering the defendant's need for drug treatment." Thereafter the district court concluded:

> There is also a need here . . . because of Mr. Coffelt's substance abuse problem, to–
> a need to protect the public. And he does have a lengthy record as well, which I'm
> sure has been affected by his addiction. [T]o be sure that he does receive enough
> time so that he can get the treatment at the Bureau of Prisons. . . . I'm going to . . .
> give him 30 months. That should be enough time for the Bureau of Prisons to get
> him situated . . . and make sure that he gets that program. I'm going to make [] a
> strong judgment in the judgment and commitment here that he does—that he
> do—will receive that [program treatment]. Hopefully he will.

Coffelt's counsel reports that Coffelt never received the 500-hour treatment program through

the Bureau of Prisons. Coffelt timely appealed the imposition of his thirty-month sentence on the

grounds that it is inconsistent with *Tapia*.

## II.

Where there were no legal grounds for challenging the sentence at the time it was given, but

such grounds have since arisen due to the articulation of a new rule of law between the time of

conviction and the time of appeal, we review for plain error. *Johnson,* 520 U.S. at 464–68; *United*

*States v. Andrews*, 681 F.3d 509, 517 (3d Cir. 2012). Accordingly, we review Coffelt's challenge

to his sentence for plain error. *Id.* Under this standard, we may correct an error not raised at trial only if the appellant demonstrates that: "(1) there [is] an error; (2) the error is clear or obvious[, rather than subject to reasonable dispute]; and (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings."*Id.* (quoting *United States v. Marcus,* 130 S. Ct. 2159, 2164 (2010)) (internal marks and brackets omitted). "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if. . . the error seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quoting *Johnson,* 520 U.S. at 467 (internal marks and citations omitted)). Coffelt bears the burden of showing that the error affected his substantial rights. *United States v. Olano,* 507 U.S. 725, 734 (1993).

**III.**

Coffelt argues that the imposition of his thirty-month sentence is improper because it is inconsistent with *Tapia*, as explained by recent cases from our sister circuits.[1] The government argues, however, that the doctrine of invited error prevents Coffelt from obtaining relief under *Tapia* because the district court imposed an above-Guidelines sentence at Coffelt's specific request.

---

[1] In *United States v. Deen*, 706 F.3d 760 (6th Cir. 2013), we resolved the issue of first impression as to whether *Tapia* applies when a court lengthens a prison term imposed when supervised release is revoked. We joined our sister circuits and unanimously agreed that it does. *Id.* at 768.

We decline the government's invitation to apply the doctrine of invited error to this case because, simply, it does not apply. Whether viewed as an erroneous proposition of law or fact (or both), Coffelt's sentencing request at first blush appears to fall within the contours of the invited-error doctrine. *See, e.g.*, *Harvis v. Roadway Exp. Inc.*, 923 F.2d 59, 61 (6th Cir. 1991) ("Having induced the court to rely on a particular erroneous proposition of law or fact, a party in the normal case may not at a later stage of the case use the error to set aside the immediate consequences of the error."). A deeper analysis, however, makes clear that the invited-error doctrine is inapplicable here because Coffelt did not induce the court to rely on an erroneous proposition of law since the district court had the authority, at that time, to base its sentencing decision on Coffelt's need for rehabilitation.[2] *See United States v. Jackson,* 70 F.3d 874, 879–91 (holding that a court may properly consider a defendant's rehabilitative needs in revocation sentencing). Moreover, the invited-error doctrine presupposes that the defendant has knowledge of the right that he or she is giving up. *See Harvis,* 923 F.3d at 61 (6th Cir. 1991) (citing *Edwards v. United States*, 265 F.3d 909, 910 (6th Cir. 1959) ("There is no warrant of course for relieving the accused of the consequences of what appears to have been a *planned defense stratagem* by the device of condemning as "clear error" of the trial court a seemingly calculated risk of defense counsel which happened not to achieve the intended result with the jury." (emphasis added)). Here, Coffelt could not have known that he was

---

[2]It is also worth noting that this case is a far cry from a case of gamesmanship or a tactical decision gone wrong, which is the typical factual scenario when the invited-error doctrine is applied. *United States v. Hanna*, 661 F.3d 271, 293–94 (6th Cir. 2001); *United States v. Sharpe*, 996 F.2d 125, 128–29 (6th Cir. 1993). Coffelt, a drug addict, threw himself at the mercy of the court in an attempt to seek needed drug treatment that he ultimately did not receive.

relinquishing his right to be sentenced without consideration of his need for rehabilitation. It would be unreasonable, and perhaps unjust, to say this was an invited error when this precise action became prohibited under *Tapia* two months *after* Coffelt was sentenced. *See United States v. Deen*, 706 F.3d 760, 766-67 (6th Cir. 2013).

Lacking the contemporaneous knowledge of error required for application of the invited-error doctrine, we review Coffelt's sentence for plain error. Plain-error review involves four prongs: (1) there must be an error or defect that has not been intentionally relinquished; (2) the legal error must be plain; (3) the error must have affected the defendant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the district court proceedings;" and (4) we have discretion to remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Olano*, 507 U.S. 725, 732–36 (1993).

The "error" in Coffelt's above-Guidelines sentence for rehabilitation purposes is "plain" under *Tapia* and *Deen*. "No one doubts that an (un-objected to) error by a trial judge will ordinarily fall within in Rule 52(b)'s word 'plain' as long as the trial court's decision was plainly incorrect at the time it was made." *Henderson v. United States*, 133 S. Ct. 1121, 1127 (2013). *Johnson*, however, adds at least one circumstance—"where an error is "plain" even if the trial judge's decision was plainly correct at the time it was made but subsequently becomes incorrect based on a change in law"—where an un-objected error falls within Rule 52(b)'s word "plain." *Id*. "*Johnson* explicitly rejects applying the words 'plain error' as of the time when the trial judge acted. Instead, *Johnson*

deems it enough that an error be 'plain' at the time of the appellate consideration' for that error to fall within Rule 52(b)'s category of 'plain error.'" *Id.* (quoting *Johnson*, 520 U.S. at 468 (internal quotation marks omitted)). Because the district court sentenced Coffelt to an above-Guidelines sentence based on his need for rehabilitation in contravention of *Tapia* and *Deen*, the first and second steps of the plain-error analysis are satisfied.

The third limitation on appellate authority under Federal Rule of Criminal Procedure 52(b) is that the plain error "affec[t] substantial rights." *Olano*, 507 U.S. at 734. "[I]n criminal cases, where the life, or as in this case the liberty, of the defendant is at stake, [we], in the exercise of a sound discretion, may notice [forfeited error]." *Id.* at 735–36 (quoting *Sykes v. United States*, 204 F. 909, 913–14 (8th Cir. 1913) (internal quotation marks omitted). Defendant bears the burden of making a "specific showing of prejudice." *Id.* at 735. Coffelt makes an adequate showing of prejudice caused by the district court's consideration of his need for rehabilitation when sentencing him to an above-Guidelines sentence. Here, Coffelt's liberty and his right to be sentenced without consideration of being admitted to a drug-rehabilitation program that is beyond the sentencing court's purview are at stake. *Tapia*, 131 S. Ct. at 2391. As *Johnson* and *Henderson* make clear, plain-error review allows us to identify those instances in which the application of a new rule of law to cases on appeal will meet the demands of fairness and judicial integrity. We believe this is such a case. Coffelt, an admitted drug addict, sought help that the court system was incapable of providing. *Id*. at 2390. ("If Congress . . . meant to allow courts to base prison terms on offenders' rehabilitative needs, it would have given courts the capacity to ensure that offenders participate in

prison correctional programs."). We have held in the past that a sentencing error affects substantial rights where it causes the defendant "to receive a more severe sentence." *See United States v. Oliver*, 397 F.3d 369, 379 (6th Cir. 2005) (citing *United States v. Swanberg*, 370 F.3d. 622, 628 (6th Cir. 2004)); *see also Andrews*, 681 F.3d at 517 (finding that an error affects substantial rights if the error affects the outcome of the district court proceedings). In this case, the district court's sentencing determination increased Coffelt's sentence beyond that which was supported by Coffelt's probation violations under the Guidelines. We therefore conclude that this sentencing error affected Coffelt's substantial rights.

Moreover, rendering a longer sentence than authorized, without proper reason to do so, inherently has an adverse effect on the public reputation of judicial proceedings if not corrected. *See Henderson*, 133 S. Ct. at 1128; *see also Oliver*, 397 F.3d at 379–81 (concluding that a sentencing error that leads to violation of the Sixth Amendment by imposing a more severe sentence would diminish the integrity and public reputation of the judicial system). *Tapia* makes clear that "[i]f Congress had . . . meant to allow courts to base prison terms on offenders' rehabilitative needs, it would have given courts the capacity to ensure that offenders participate in prison correctional programs. But in fact, courts do not have this authority." *Tapia*, 131 S. Ct. at 2390. Coffelt received a sentence that was: (1) more than double the Guidelines range, (2) six months longer than what he requested under the law at that time, and (3) based entirely on the district court's (now impermissible) assessment of Coffelt's rehabilitative needs. A failure to remand this case to the district court would seriously affect the fairness and integrity of our judicial system by allowing

Coffelt to serve a lengthy prison term based on a consideration the Supreme Court has since held

invalid.

**IV.**

We therefore **REVERSE** Coffelt's sentence and remand for resentencing consistent with

*Tapia* and *Deen*.[3]

---

[3]It is firmly established that a decision of the Supreme Court declaring a new constitutional rule applies "to all similar cases pending on direct review." *Griffith v. Kentucky,* 479 U.S. 314, 322–23 (1987); *see also United States v. Johnson,* 457 U.S. 537, 562 (1982) (holding that a decision of the Supreme Court "construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered"). This is true even when a Supreme Court decision adopts a new rule that constitutes a "clear break" with past cases. *Griffith,* 479 U.S. at 328. Consequently, because Coffelt's case was not yet final when *Tapia* was decided, he benefits from the rule announced in that decision. *See generally United States v. Buford*, 632 F.3d 264, 270 (6th Cir. 2011).